## GILBERT, HEDGE & CO. v. WILCOX *et al.*

### *Appeal from Lucas Circuit Court — Saturday, February* 24.

#### DEFAULT.

THIS action was commenced to establish a mechanic's lien for lumber furnished to Darius Wilcox and used in a building on premises, on which Darius P. Wilcox held a mortgage. On the 30th day of May, 1871, defendants filed a demurrer to the petition which, being sustained, the plaintiffs, on the same day, filed an amended petition asking judgment and the establishment of their lien, and that the property be sold, etc.

An order was made on the same day that the defendants have thirty days to plead to the amended petition, and the cause was continued. At the next term of the court (August 26), on motion of plaintiffs, default was entered, for failure to plead, against both defendants.

At the same term (August 31), the defendants moved to set aside the default, which was overruled, and they appeal.

*Edwards & Maple* and *Perry & Townsend* for the appellants — *Stuart Brothers* for the appellees.

MILLER, J. — In acting upon an application to set aside a default, the court has a very large discretion, and this court will not interfere unless there has been a clear abuse of discretion or a disregard of some legal requirement. See *State* v. *Elgin*, 11 Iowa, 216; *Stone* v. *Brown*, 14 id. 595; *Thatcher* v. *Haun*, 12 id. 303; *Harper* v. *Drake*, 14 id. 533; *Clark* v. *Hedge*, 10 id. 528; *Rogers & Tallman* v. *Cummings*, 11 id. 459..

A default may be set aside on such terms as the court may deem just, among which must be that of pleading, issuably and instanter, but not unless an affidavit of merits is filed, and a reasonable excuse shown for making default, nor unless application therefor is made at the term at which the default was entered. Revision, § 3150.

The excuse offered in the case before us was, that the attorneys for the defendants misunderstood the order of the court, fixing the time in which they were to plead. Instead of thirty days, they state they understood they had until the first day of the next term. This showing was contradicted by affidavits of plaintiffs' attorneys.

On the one side, it was attempted to be shown that the attorneys of the party in default were honestly mistaken and misled as to the time they were required to plead by the order of the court. On the other side, facts were shown that the order was made at the request of defendant's counsel, and tending to show that they could not have been mistaken except through their own negligence. The showings shown on both sides were addressed to the discretion of the court, and it might well find, from the facts shown, that there was no good excuse for the default. Having so found and overruled the motion, we cannot say that there was an abuse of discretion. *Bolander* v. *Atwell*, 14 Iowa, 36. See, also, *Smith* v. *Watson*, 28 id. 218 ; *Thatcher* v. *Haun, supra.*

Affirmed.