The Town of Storm Lake v. The Iowa Falls & Sioux City Railway Co. et al.

THE TOWN OF STORM LAKE v. THE IOWA FALLS & SIOUX CITY
RAILWAY CO. ET AL.

1. **New Trial:** PROCEEDINGS TO OBTAIN: IRREGULARITY WAIVED. One who seeks, under section 3154 of the Code, to vacate a judgment after the term at which it was rendered, and to obtain a new trial on the ground of fraud, or of unavoidable casualty, should file his verified petition, setting forth the facts on which he relies; but where, as in this case, he simply filed a motion, accompanied by affidavits setting forth the facts, and upon these papers a hearing was had without objection by the adverse party in the court below, *held* that objection to the irregularity of the proceedings could not for the first time be urged in this court.

2. **Right of Way for Street:** PARTY DEFENDANT. A corporation which holds a lease, perpetual at its option, of certain ground, has a right to be heard in a proceeding to establish a city street over the ground.

3. **Vacating Joint Judgment:** PRACTICE. Where a judgment was rendered in favor of two defendants jointly, and upon the application of one of the defendants it appeared that it ought to be set aside for fraud or unavoidable casualty, *held* that it should be set aside as to both defendants, and not only as to the one making the application.

*Appeal from Buena Vista Circuit Court.*

FRIDAY, DECEMBER 7.

ACTION under section 476 of the Code, to determine the compensation that should be awarded the defendants for right of way for a street across their depot grounds. The defendant, the I. F. & S. C. R. R. Co., filed an answer claiming six hundred dollars. The defendant, the Ill. Cen. R. R. Co., filed no answer, and was defaulted. Upon trial to a jury, verdict and judgment were rendered in favor of the defendants for $175. Afterwards, upon application of the Ill. Cen. R. R. Co., the judgment was set aside and a new trial granted as to both defendants. The plaintiff appeals.

*F. B. Gregory* and *Wm. Milchrist*, for appellant.

*J. F. Duncombe* and *Joy & Wright*, for appellees.

ADAMS, J.—I.   The application to set aside the judgment

DECEMBER TERM, 1883. 219

The Town of Storm Lake v. The Iowa Falls & Sioux City Railway Co. et al.

was not made at the term at which it was rendered. Section

**1. NEW trial: proceedings to obtain: irregularity waived.** 3154 of the Code, however, provides that a judgment may be set aside after the term for certain causes, among which are enumerated fraud practiced by the successful party in obtaining the judgment, and unavoidable casualty or misfortune preventing the unsuccessful party from prosecuting or defending. The ground alleged for setting aside the judgment in this case is that negotiations for a settlement were pending, and an agreement had been made between the plaintiff and Mr. J. F. Duncombe, as counsel for the defendants, that the plaintiff would not proceed to the trial of the case until it had notified him of its intention to do so; that the plaintiff proceeded to trial in violation of its agreement; that Mr. Duncombe was not notified, nor in court, but was engaged in the trial of an important case in another county, and the Ill. Cen. R. R. Co. was wholly unrepresented. If these were the facts, we think that we should be justified in holding that the case, if not one of fraud on the part of the plaintiff, was at least one of unavoidable casualty or misfortune, preventing the Ill. Cen. R. R. Co. from defending. But it is insisted by the plaintiff that, even if this is so, the company cannot be allowed a new trial, because it has not adopted the correct procedure.

To avail itself of such ground after the term was passed, it should have filed a petition, verified by affidavit, setting forth the judgment and the ground for vacating it. What the company filed is not called a petition, but a motion. But this was accompanied by affidavits setting out the facts relied upon, which affidavits are referred to in the motion, and, we infer, were attached to it. There was also attached to the motion, and referred to in it, what is called an answer, which is verified by affidavit, setting out the company's interest in the depot grounds, and the damages which it will sustain, and praying for an injunction to prevent the plaintiff from taking possession until final determination of the case.

Upon these papers a hearing was had, and the objection

now raised in respect to the want of a petition does not appear to have been raised upon the hearing. Under the circumstances, we think that we may treat the papers as a petition. We are unable to see that the plaintiff has been prejudiced by the irregularity. If timely objection had been made, the irregularity might, and would doubtless, have been corrected. If we should sustain the objection now, we should do so, it seems to us, at the expense of substantial justice.

II.   It is insisted, however, that, taking the application to be sufficient in form, it is not supported by the evidence when taken as a whole.

On this point we have to say that, while there is considerable conflict, we think the alleged agreement, that the case should not be called for trial until Mr. Duncombe should be notified, is established.   Mr. Duncombe's affidavit is very clear and positive, and he is corroborated, to some extent at least, by some of the plaintiff's trustees.

III.   The plaintiff insists that it does not appear that the Ill. Cen. R. R. Co. has any such interest in the grounds in question as to entitle it to be heard. But we think otherwise, The company showed that it was a lessee of the road by a lease that was to be perpetual, unless it should elect to terminate the same and give notice thereof to the lessor, the I. F. & S. C. R. R. Co., its co-defendant.

2. RIGHT of way for street: party defendant.

IV.   The court set aside the judgment as to both companies. The plaintiff insists that at most the judgment should have been set aside only as to the Ill. Cen. R. R. Co. But the damages asssesed were assessed only as belonging to both defendants. The proceedings contemplated but one judgment. We think it would have been an irregularity, and that the plaintiff might well have complained, if the judgment rendered in favor of both defendants as covering all the damages had been allowed to stand, while another judgment should be rendered in favor of the Ill. Cen. R. R. Company.   We see no error.

3. VACATING joint judgment: practice.

AFFIRMED.