JAMES CALLANAN *et al.*, Appellants, v. ÆTNA NATIONAL BANK OF HARTFORD *et al.*, Appellees.

Practice: SETTING ASIDE DEFAULT: UNAVOIDABLE CASUALTY: DISCRETION OF TRIAL COURT. Where a cause was continued at the appearance term by stipulation between the attorneys for the respective parties, but at the next ensuing term, no further appearance being made on the part of the defendants, a default was entered, and at the term next following judgment was rendered upon proofs offered by the plaintiff, and at the next term after that the defendants appeared and showed that they were residents of a distant state; that they had no knowledge of the default and judgment until after the last preceding term, that the sickness of their attorney had prevented his attendance upon the

court, or to give the case any attention, and that they had a good defense to the action, *held*, the setting aside of the default was a matter resting in the discretion of the trial court, and no abuse of discretion was shown.

*Appeal from Monona District Court.*—HON. C. H. LEWIS, Judge.

TUESDAY, OCTOBER 27, 1891.

ACTION in equity to enjoin proceedings under certain executions and attachments affecting real estate, and to adjudge such proceedings of no force or effect against the lands in question. The action was commenced at the June, 1887, term of the court, and a temporary writ of injunction issued. At the September term of the court the parties appeared by their attorneys, and by written stipulation continued this and other causes "in which Callanan *et al.* are interested." At the November term of the court, there being no further appearance for the defendants, they were "all defaulted for want of answer," and "the cause continued for proof." At the February term of the court, 1888, the defendants failed to appear, and the cause was submitted on the pleadings and evidence of the plaintiffs, and a judgment and decree entered for them in substantial accord with the prayer of the petition. The counsel appearing for the defendants when the stipulation for a continuance was filed was one Thomas F. Barbee. At the February term of the court, 1889, the defendants appeared by other counsel, Cole, McVey & Clark, and filed their motion to set aside the default and judgment for the following reasons: *First.* There was no appearance on the part of the defendants, or either of them, and no service of notice. *Second.* The defendants were prevented, from sickness and causes which they could not control, from attending court at the term the default and judgment were entered. *Third.* Because the defendants have a

good and sufficient defense to the case. *Fourth.* For causes which prevented their attending on the hearing of this motion. The motion is supported by the affidavit of C. C. Cole, to the effect that Thomas F. Barbee was no longer an attorney in the case; that sickness of said Barbee had prevented his attendance upon court to prevent the default and judgment; that the defendants in interest were residents of Connecticut, and had no knowledge, direct or indirect, of the proceeding, and had not such information as to enable them to make the motion till since the last term of the court; that, in the opinion of affiant upon examination, the defendants have a good defense to the action; and that the motion is made in good faith. The plaintiffs thereafter filed a motion to strike the motion to set aside the default and judgment because of the condition of the record showing the time of the commencement of the suit; the appearance and stipulation to continue by Barbee; the failure to further appear; the default and judgment; the long lapse of time; no defense shown to exist; and want of diligence. There is also the affidavit of the plaintiffs' attorney in support of the motion, and to some extent contradicting the affidavit of Judge Cole. Upon the showing made, the district court overruled the appellants' motion to strike the appellees' motion to set aside the default, and sustained the motion of the appellees. From the order of the court thus made the plaintiffs appeal.—*Affirmed.*

*J. J. Davis,* for appellants.

*Cole, McVey & Cheshire,* for appellees.

GRANGER, J.—The appellees cite, in support of the action of the district court in setting aside the default and judgment, Code, section 3154. The section provides that the district court may vacate a judgment after the term in which it is entered, for various reasons, and,

among them, "*seventh*, for unavoidable casualty or misfortune preventing the party from prosecuting or defending." It may be said that, to our minds, the showing to set aside the default is not strong, but the rule has been long observed, and is well established, that such action by the district court is largely discretionary, and that this court will not interfere except in clear cases of abuse. In *Rogers v. Cummings*, 11 Iowa, 459, it is said that, to justify this court in disturbing such a ruling, the abuse of discretion must be "clear and manifest." See, also, *Marsh v. Colony*, 36 Iowa, 603; *Westphal v. Clark*, 46 Iowa, 262; *Willet v. Millman*, 61 Iowa, 123, and *Gilbert v. Wilcox*, 33 Iowa, 594. No objection was made in the district court to the proceedings being by motion instead of petition, and, under the ruling in *Town of Storm Lake v. Iowa Falls & S. C. Ry. Co.*, 62 Iowa, 218, we must treat it as regular. The affidavits of the respective attorneys constitute the evidence on the trial of the motion, and from such evidence and the record the district court could have found that the default and judgment were entered because of the sickness of the defendants' attorney, for it unmistakably appears that at the time he was so sick in bed as to be unable to give the matter any attention, either in court or to counsel his clients; that the defendants in interest were residents of Connecticut, and knew nothing of the default or judgment till after the last term of the court before the motion to set aside the default was made; and that, as a result, the defendants were prevented from defending by an unavoidable casualty or misfortune. These facts are quite apparent from the record. The doubtful feature of the showing is the long delay after the judgment before presenting the motion, the evidence being far from specific as to the reasons for a want of knowledge on the part of the defendants as to the condition of the record for so long a time. The district court must have found that there were no laches, or, if laches, that they were without

prejudice; and such a view has support in the record, when all considered. We think there is no abuse of discretion to warrant our disturbing the order of the district court, and it is AFFIRMED.