H. J. LIGGETT, Appellant, v. J. B. WORRALL AND MRS.
J. B. WORRALL.

**Setting Aside Default:** DISCRETION. A judgment of default against
a husband and wife for family necessaries, part of which debt was
incurred before the marriage, may be set aside at the discretion of
the court at the following term, under Iowa Code, section 3154,
on the ground that the husband, who looked after the case, was
of feeble mind and was led to believe that no judgment would be
taken and was prevented by sickness from preparing for the
defense.

*Appeal from Story District Court.*—HON. D. R. HIND
MAN, Judge.

MONDAY, MAY 25, 1896.

ON April 9, 1894, the defendants filed their petition
under section 3154, of the Code, to set aside a default
and judgment rendered against them in this case, at
the preceding February term of said court, and for
leave to defend against plaintiff's cause of action, and
to restrain the sale of certain real estate under special
execution issued on said judgment. The petition was
entitled as in equity, and, plaintiff's motion to try the
case on written evidence being sustained, it was tried
as an equity cause, without objection, upon the alle-
gations of the petition, which under section 3155 of
the Code, stood denied without answer. Decree was
entered granting the relief prayed, from which plaintiff
appeals.—*Affirmed.*

*I. W. Douglass* and *Geo. W. Dyer* for appellant.

*Martin & Bartlett* for appellees.

GIVEN, J.—I. The defendants present an answer to plaintiff's petition, which, if sustained, is a complete defense to at least a part of the plaintiff's claim. They also present evidence tending to support their defense. The grounds upon which it is sought to set aside the default and judgment is irregularity in obtaining the judgment, for that it is on account for family necessaries, a portion of which it is alleged was incurred prior to the marriage of the defendants, and for this reason it is charged that fraud was practiced by the plaintiff in obtaining the judgment. The remaining ground is unavoidable casualty and misfortune, preventing the defendants from defending the action, for that the defendant, J. B. Worrall, who assumed to look after the case, was a man of feeble mind, and was led to believe that no judgment would be taken, and was prevented by sickness from preparing for the defense. The question whether, under the evidence, this default and judgment should be set aside, was one addressed largely to the discretion of the court. We will not discuss the evidence, though we may say, as was said in *Callanan v. Bank*, 84 Iowa, 8 (50 N. W. Rep. 69): "It may be that, to our minds, the showing to set aside the default is not strong, but the rule has been long observed, and is well established, that such action of the district court is largely discretionary, and that this court will not interfere except in clear cases of abuse." We do not think there was any abuse of the discretion lodged in the court in granting the prayer of this petition.—AFFIRMED.