L. M. GREEN, AND C. C. BROWN, ASSIGNEE, APPELLANTS, V. WILLIAM L. GROSS, APPELLEE,

| 12 | 117 |
|----|-----|
| 14 | 178 |
| 12 | 117 |
| 34 | 644 |
| 12 | 117 |
| 49 | 264 |
| 49 | 449 |
| 49 | 454 |
| 49 | 464 |
| 50 | 657 |

1. Assignment for Creditors: ATTACHMENT. B., a resident of Illinois, made an assignment of all his property, including lands in this state, for the benefit of creditors. *Held*, that a resident of that state claiming the benefit of the assignment could not maintain an attachment levied after the assignment of the lands in this state.

2. Deed: EXECUTION IN ANOTHER STATE. A deed of lands in this state, made in another state, must be executed according to the laws of such state, and if no witness to the deed is required by the laws of such state the deed is effectual to pass title without being so attested.

3. ———: CERTIFICATE OF ACKNOWLEDGMENT. When a deed is made in another state the certificate of acknowledgment of a notary public thereto, duly attested by his official seal, entitles such deed to be recorded without further authentication.

APPEAL from Nemaha county. Tried below before POUND, J. The opinion states the case.

*J. L. Mitchell and S. A. Osborn,* for appellants.

1. The attachment can only operate upon the rights of Bunn existing when it was made. The purpose of an attachment is simply to secure to the creditor the property

which the debtor had at the time it was made so that it may be sold to satisfy the debt after judgment is obtained. If Bunn had no right to or interest in the land at the time, then Gross acquired none by his attachment. Whatever right Brown had as assignee was unchanged and unaffected by the attachment, Drake on Attachment, Secs. 219, 220, 227, 228. Bigelow v. Wilson, 1 Pick., 485. Blake v. Shaw, 7 Mass., 505. Starr v. Moore, 3 McLean, 354. Tiernan v. Murrah, 1 Robinson La., 443. Stowell v. Jewett, 9 Ohio, 181, and cases cited.

2. No witness to deed is required by the law of Illinois, and the deed in controversy having been made in that state, is good and valid here. Gen. Stat., Chap. 61. Hoadley v. Stevens, 4 Neb., 431.

Edwin F. Warren, for appellee.

1. The petition alleges that before the levying of the attachment the real estate was the property of Brown, that in August, 1879, and before the commencement of this action Brown "sold and conveyed the said lands to the plaintiff L. M. Green, and executed and delivered to him a good and sufficient warranty deed therefor." That being so, Brown at the commencement of this action had no interest whatever in said lands, nor any interest in said suit, unless the giving of a "good and sufficient warranty deed" would give him a cause of action to restrain a sale that might cause a breach of his covenants, but when said deed was introduced in evidence it turned out to be a quit claim, with no covenants. Its introduction proved Brown out of court. As to Green, he had a complete and adequate remedy at law. His alleged title through Brown was of record; Gross levied his attachment subject to it, whatever it was, and his proceedings would not create even a cloud upon the title of Green, unless Bunn had an interest in said lands at the date of the levy, and the petition expressly declares that

Bunn then had no interest.   Gross was entitled to a jury trial upon the question of his right of possession under the forthcoming sheriff's deed.

2. Title to realty can be acquired and passed only according to *lex rei sitæ.*   Story Conflict of Laws, Sec. 424, note 3.   *Lies v. DeDiablar,* 12 Cal., 327.   *Lucas v. Tucker,* 17 Ind., 41.   *Insurance Company v. Bank,* 68 Ill., 348.   *Sutton v. Stone,* 4 Neb., 319.   *Irwin v. Welch,* 10 Neb., 479.   *Roode v. The State,* 5 Neb., 174.

3. The assignment being void, the deed from Bunn to Brown, being ancillary thereto and wholly without consideration, was also void.   *Osborn v. Adams,* 18 Pick., 245.   *Gardner v Bank,* 95 Ill., 298.

MAXWELL, CH., J.

This is an action to quiet title.   Judgment was rendered in the court below in favor of the defendant and the action dismissed.   The plaintiffs appeal to this court.

It appears from the record that about the 1st of January, 1878, one Jacob Bunn, a resident of Springfield, Illinois, being largely indebted, made a voluntary assignment of all his property to C. C. Brown for the benefit of all his creditors; that the assignment was made under the statute of Illinois, and was filed for record in the office of the recorder of deeds, of Sangamon county, in that state, on the 2d of January; 1878, and a certified copy thereof, together with a schedule of the real and personal estate of said Bunn, including the lands in controversy, was filed in the office of the county clerk of said county, on the 7th day of that month.   On the 5th of January, 1878, Bunn and wife executed and delivered to Brown a deed of conveyance of " all the real estate owned by the parties of the first part, situated in the county of Nemaha, in the state of Nebraska."   This deed was objected to on the trial " as incompetent and immaterial; that it is not witnessed as required by the

laws of Nebraska; that it has no certificate of any officer that it is executed in accordance with the laws of any other state; that it is indefinite, describing no property; and that under the pleadings in the case it is admitted to be a voluntary conveyance." The objections were overruled and the deed read in evidence,

The certificate of acknowledgment is as follows:

STATE OF ILLINOIS, } ss,
COUNTY OF SANGAMON. }

[NOTAR- IAL SEAL.] I, Samuel Bennett, a notary public in said county, do hereby certify that Jacob Bunn and Elizabeth J, Bunn, his wife, who are personally known to me to be the same persons whose names are subscribed in the foregoing instrument appeared before me this day in person, and each severally acknowledged that they signed and delivered said instrument as their free and voluntary act, for the uses and purposes herein set forth, including the release of the right of homestead and dower.

Given under my hand and notarial seal this first day of January, A. D. 1878.

SAMUEL BENNETT, *Notary Public.*

There is no witness to the deed. It was recorded in Nemaha county, on the 9th day of January, 1878.

On the first day of February, 1878, the defendant, a resident of Springfield, Illinois, commenced an action against Jacob Bunn in the district court of Nemaha county and attached all of sections 34 and 35, in township 6, north, range 12, east, in said action, as the property of Jacob Bunn, and since that time has recovered judgment against Bunn in said action and the court has made an order for the sale of said attached property.

On the 11th day of April, 1878, the defendant filed his claim against Bunn for $1,726.58 in the county court of Sangamon county, asking for pro rata distribution in the

·estate of said Bunn, but stating in his affidavit attached to said claim that he had attached the property in controversy and claiming whatever benefits might be derived therefrom.

On the 30th day of August, 1879, Brown sold and conveyed the lands heretofore described in Nemaha county to L. M. Green, for the sum of $1,800.00. Green is in possession and brings this action to quiet the title and enjoin a sale under the order of sale under the attachment. No question is made as to the validity of the assignment and the only question necessary to be considered is whether or not Bunn, after the execution of the assignment and deed for the lands in controversy, and recording said deed in Nemaha county, had any attachable interest in the lands heretofore described.

Without determining whether an assignment made in Illinois is binding upon and can affect creditors residing in this state, so as to prevent the property assigned from being taken on attachment, as that question is not before the court, there can be no question as to its binding effect upon citizens of Illinois. That is, an assignment for the benefit of creditors made in conformity to the laws of the state, which is not attacked for fraud or other cause, is so far conclusive upon creditors residing in that state that the property assigned is not afterwards subject to attachment. In the case at bar the assignment was duly made and the assignee at once accepted the trust and commenced to discharge his duties as assignee. The defendant, a resident of the same town and state with the debtor, and with full notice of the assignment, a month afterwards commences the action by attachment in this state, and afterwards files his claim against the estate of Bunn, thus recognizing and claiming all the benefits to be derived from the assignment. Even if the assignment was voidable he would seem to be precluded upon equitable grounds from asserting the lien of his attachment

thus obtained after the assignment, to the exclusion of other creditors.

The principal ground upon which it is claimed that the title to the property in controversy did not pass to the assignee is that no copy of the assignment was filed in Nemaha county, and that the deed of conveyance from Bunn and wife to the assignee was not witnessed or properly certified.

Sec. 1 Chap. 73, Comp. Stat., provides that: "Deeds of real estate or of any interest therein in this state, except leases for one year or less time, must be signed by the grantor, being of lawful age, in the presence of at least one competent witness, who shall subscribe his name as a witness thereto and be acknowledged, proved and recorded as directed in this chapter."

Sec. 2 provides that: "The grantor must acknowledge the instrument to be his voluntary act and deed."

Sec. 3 provides that: "The acknowledgment must be made or proved, if in this state, before a judge or clerk of any court, or some justice of the peace, or notary public therein; but no officer can take such acknowledgment or proof out of his territorial jurisdiction."

Sec. 4 provides that: "If acknowledged or proved in any other state or territory, or district of the United States, it must be done according to the laws of such state, territory or district, or before a commissioner appointed by the governor of this state for that purpose."

Sec. 5 provides that: "In all cases provided for in section four of this chapter, (if such acknowledgment or proof is taken before a commissioner appointed by the governor of this state for that purpose, notary public or other officer using an official seal) the instrument thus acknowledged or proved, shall be entitled to be recorded without further authentication; *Provided*, that in all other cases, the deed or other instrument shall have attached thereto a certificate of the clerk of a court of

record, or other proper certifying officer of the county, district or state, within which the acknowledgment or proof was taken, under the seal of his office, showing the person whose name is subscribed to the certificate of acknowledgment was at the date thereof such officer as he is therein represented to be ; that he is well acquainted with the handwriting of such officer ; that he believes the signature of such officer to be genuine, and that the deed or other instrument is executed and acknowledged according to the laws of such state, district or territory."

A deed executed in this state must be signed by the grantor in the presence of at least one competent witness, who shall subscribe his name thereto as a witness, and the grantor must acknowledge the instrument to be his voluntary act and deed before some officer designated by the statute.

At common law, and in the absence of a statute to the contrary, a deed for lands in this state executed without the state must be executed in the same manner as a deed made in this state. But our statute has changed the rule of the common law and requires a deed executed in "any other state, territory, or district of the United States to be acknowledged or proved according to the laws of such state, territory or district, before any officer authorized by the laws of such state, territory or district to take such acknowledgment." *Hoadley v. Stevens,* 4 Neb., 431.

If no witness is required to a deed in that state, none will be required to a deed executed there for the conveyance of lands in this state. The reason is, the statute prescribes the mode of conveyance, and that a deed valid where made shall be effectual to pass the title to land in this state. In the absence of statutory provisions to the contrary a deed duly signed and delivered, but not acknowledged, would as against the grantor and those claiming under him convey whatever interest of the

grantor it purported to convey.   *Simpson v. Mundee*, 3.
Kas., 172.   *Harrison v. McWhirter*, decided at this term.
In the case at bar it is clearly shown by the testimony
that no witness is required in Illinois to attest the signa-
ture of the grantor.   The deed is not objectionable
therefore on that ground.

The fifth section of the act provides that if the officer
taking the acknowledgment uses an official seal, the in-
strument thus acknowledged or proved, shall be entitled
to be recorded without further authentication.   Courts
take judicial notice of the seal of a notary public, and it
proves itself *prima facie* by its appearance upon the cer-
tificate.   *Nichols v. Webb*, 8 Wheat., 326.   *Townsley v.
Sumrall*, 2 Pet., 170.   *Dickens v. Beal*, 10 Pet., 582.
*Mullen v. Morris*, 2 Barr., 86.   *Nelson v. Fotterall*, 7
Leigh., 180.   *Carter v. Burley*, 9 N. H., 558.   *Bryden v.
Taylor*, 2 Har. & J., 399.   The acknowledgment in this
·case was taken before a notary public, and by the express
terms of the statute no further authentication was neces-
sary to entitle the deed to be recorded, the presumption
of the law being that it was executed according to the laws
of the state where it was made.   The deed was therefore
properly signed and acknowledged, and conveyed all the
title of the grantor to the premises in question.   And the
plaintiff Green being in possession of the premises is
entitled to maintain the action and. to relief.   The price
paid by him for the. lands in controversy seems greatly
inadequate.   But the character of the title or amount of
incumbrance thereon does not appear in the record,   And
if the price is wholly inadequate the remedy is to have
the sale set aside or, in case of collusion, proceed against
the assignee.   The judgment of the district court is
reversed and the cause remanded to the district court
with directions to render judgment in conformity to this
·opinion.

REVERSED AND REMANDED.