O. O. WELLS AND J. C. FLETCHER, PLAINTIFFS IN ER-
ROR, v. WILLIAM LAMB, ASSIGNEE, ETC., DEFEND-
ANT IN ERROR.

**Assignment for Creditors:** ATTACHMENT BY CREDITORS. A
firm being in embarrassed circumstances prepared an assignment
of their property for the benefit of their creditors, and held the
same ready to be delivered to the sheriff. The assignment was
prepared about one o'clock A.M., on Monday, and about five
o'clock P.M. of said day the deputy sheriff appeared, apparently
for the purpose of levying certain attachments on the assigned
property. Before any attempt was made to levy the attachments,
the assignment was delivered to and accepted by him, and on
the next day transmitted to the sheriff, who had the same re-
corded immediately, the goods being in possession of the dep-
uty sheriff. Three days afterwards other writs of attachment
were issued and levied on the property. An assignee having
been chosen by the creditors, who brought an action of replevin
and obtained possession of the property, *Held*, That the assignee
was entitled to the possession of the property.

ERROR to the district court for Gage county. Tried
below before BROADY, J.

*Griggs & Rinaker*, for plaintiffs in error, contended that
the record showed the assignment was made Sept. 10, at
1 A.M., that it was handed to deputy sheriff about 4 P.M.,
Sept. 11, transmitted to the sheriff Sept. 12, and filed same
day at 12:12 P.M. Hence, after the signing and acknowl-
edging of said assignment thirty-nine hours elapsed be-
fore it was delivered to the deputy sheriff, and fifty-seven
before it was filed for record. Therefore the assignee is
not entitled to hold the property in controversy as against
attaching creditors under the provisions of section 6, Ch. 6,
Comp. Stat. Execution of the instrument does not include
"delivery." The assignment was not filed for record
within twenty-four hours after its execution. The defend-
ant seeks to avoid this objection by urging that the instru-

ment was not *executed* until it was delivered, and hence, as it was filed within twenty-four hours after it was handed to the deputy sheriff, it is valid. There are in the act itself two distinct declarations that *execution* does not include *delivery*, and in the absence of express words to the contrary a like meaning will be given to said word wherever it occurs in the act. *Pitte v. Shipley*, 46 Cal., 154. *Hoag v. Howard*, 55 Id., 564.

*J. E. Cobbey*, for defendant in error.

The word *executed*, as used in this act, was intended to have its ordinary legal meaning, and as counsel admit that *execute* ordinarily includes delivery, their argument must fall, and it is unnecessary to cite authority on this point. Plaintiffs in error participated in the assignment, and are now estopped from impeaching it. Burrill on Assignment, 747, and cases cited.

MAXWELL, J.

In September, 1883, Postlewait & Co. were doing business at Odell, Diller, and Reynolds, in this state, the firm at that time consisting of J. W. Bowen and John Postlewait. Being in failing circumstances, on the 11th day of September, 1883, they made an assignment under the statute to the sheriff of Gage county. Comp. Stat., Ch. 6. This assignment was duly recorded by the sheriff of said county on the 12th of that month, and possession taken by him of the property so assigned. Afterwards the defendant in error was duly chosen assignee by the creditors of said firm, and accepted the trust and qualified as required by law.

On the 14th of September, 1883, the property in question was taken from the possession of the sheriff of said county by Wells, who was the coroner thereof, and Fletcher, who was a constable, at the suits of a number of persons

who were creditors of Postlewait & Co.    The assignee, on or about the 9th of October, 1883, demanded the goods in question from the plaintiffs in error, and upon their refusal to deliver them up brought an action of replevin and obtained possession of the property.  On the trial of the cause the court found in favor of the assignee, and rendered judgment accordingly.

It appears from the evidence that the assignment was prepared about one o'clock on Monday morning of the 11th day of September, 1882, and was held by one of the partners, ready to be delivered to the sheriff.    That about 5 o'clock in the afternoon of that day one Barnett, a deputy sheriff of that county, went to Odell for the purpose, apparently, of levying certain writs of attachment on the property in question; that soon after his arrival there, and before he had made his business known, one of the partners delivered the assignment to him and requested him to take possession of the property under the assignment, which he did.    The assignment was sent the next day to Herron, the sheriff, who immediately had the same recorded. Other writs of attachment seem to have been issued on the 14th of that month and delivered to the plaintiffs in error, who levied upon the goods under the writs.    The question involved is the right to the possession of the property.

Sec. 212 of the code provides that "An order of attachment binds the property attached from the time of service."

Sec. 205 provides that the " order of attachment shall be executed by the sheriff without delay.    He shall go to the place where the defendant's property may be found, and there, in the presence of two residents of the county, declare that by virtue of said order he attaches said property at the suit of such plaintiff," etc.    It will thus be seen that the sheriff had acquired no lien by the levy of the attachment at the time of the assignment, and that the attach-

ment was not levied until three days after the assignment was made, and two after it was filed and recorded. The assignment was made under the act of 1883, and no reason has been given why it should be declared invalid. We must hold, therefore, that the right of the assignee is superior to the attachments, and the judgment of the court below must be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.