O. O. WELLS AND J. C. FLETCHER, PLAINTIFFS IN
    ERROR, v. WILLIAM LAMB, DEFENDANT IN ERROR.

Assignment for Creditors. That part of section six of chapter
    six of the Compiled Statutes, which requires an assignment of
    property for the benefit of creditors to be recorded within
    twenty-four hours after its execution, construed, and the word
    " execution " held to include the delivery of the assignment
    and the surrender of control over it.

REHEARING of case reported 18 Neb., 352.

*Griggs & Rinaker,* for plaintiffs in error.

*Cobbey & Summers,* for defendant in error.

REESE, J.

This case was decided at the last term of this court, and
is reported in 18 Neb., 352. A motion for a rehearing
having been granted it has been submitted upon able and
exhaustive briefs and printed arguments. To the questions
involved we have given close attention, and are led to the
conclusion that the first decision is correct and must stand.

It is not deemed necessary, even had we the time at our
disposal, to enter into an elaborate review of the positions
contended for by plaintiffs in error, and we must be
content by simply stating our conclusion upon one point
which seems to be urged with much earnestness by them.
It is insisted that as more than twenty-four hours elapsed
after the *signing* of the assignment and before it was re-
corded, therefore it is void under the provisions of the
assignment law of this state. Comp. Stats., chap. 6.
Especial attention being called to sections one and six
thereof.

Section six provides that the assignment shall be in
writing, shall be executed and acknowledged as convey-

ances of real estate in order to entitle it to be recorded. "And within twenty-four hours after its execution it shall be filed for record in the clerk's office of the county in which the assignee resides." It is contended that the word "execution," in this quoted clause, refers merely to the signing and not to such other acts as may be necessary to pass the title of the assigned property beyond the reach or dominion of the assignor. We cannot adopt this construction and give such limited meaning to the word. It is conceded that there is no fixed rule of law as to the meaning of the word "executed " or " execution," as applied to the making and completion of written instruments, and that it is often used as including all acts by the maker as may be necessary to make it a completed transaction. But it is contended that as used in the act, the sense in which it must be applied in connection with the context must be limited simply to signing.

We do not care now to discuss whether the language of the first section is intended to apply with strictness and exaction to the matter of recording, but for the purposes of this case may grant all that is claimed by plaintiff in error for it.

By section five it is provided that the sheriff of the county where the assignor resides must be named as the assignee. The assignment must be delivered to *some one* to give it effect. This delivery would naturally be to the sheriff, yet it is quite probable, as claimed by plaintiff in error, that it might be delivered to the county clerk for record by the assignor and the title be thus passed by act of law to the sheriff without any formal acceptance by him. But it seems to us that before the instrument can have any legal force or effect, in other words, before it can be said to be *executed*, it must pass from the control and dominion of the assignor. It could not be claimed that if a debtor should write out and sign an instrument of assignment, but being uncertain as to the necessity of the

step, place it in his pocket or safe, that such assignment would thus be *executed*, and his right to pay his debts and continue in business would be destroyed. Nor could it be said that if afterwards, but not within twenty-four hours, he should find it necessary to carry out his previously formed purpose, the assignment would have to be rewritten and signed in order that it might be recorded within twenty-four hours after its execution that it might not be void. Such a construction would not only do violence to the general spirit and purpose of the assignment law, but would result in rendering a compliance with the act in many instances entirely impracticable. The statute is remedial and should receive a reasonable and liberal construction.

There being no error in the decision of the district court the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.