LANCASTER COUNTY BANK v. THEODORE HORN.

[FILED JUNE 11, 1892.]

1. **Assignments for Creditors:** RECORDING. An assignment by a debtor of personal property for the benefit of creditors will not be invalid because not recorded, if filed in the county clerk's office within twenty-four hours after being made.

2. ———: CONSTRUCTION. An assignment for the benefit of creditors, as it secures an equitable distribution of the proceeds of the debtor's property among his creditors, will be sustained if possible.

3. ———: NOTICE. Where the assignee has taken actual and exclusive possession of the personal property assigned, such possession cannot be disregarded by third parties on the ground of want of notice. The statute merely provides for a registry of the instrument.

ERROR to the district court for Lancaster county. Tried below before HALL, J.

*W. J. Lamb,* for plaintiff in error:

The assignment is not a process of law, but is merely the act of a private person, and the sheriff stands in the same relation to the property as the owner, with the duties of a trustee superadded. (*Housel v. Cremer,* 13 Neb., 300.) Every general assignment in Nebraska must be a deed to be valid. (*Farquarson v. Eichelberger,* 15 Md., 63; *Heelan v. Hoagland,* 10 Neb., 511; *Samuel v. Holladay,* 1 Woolworth [U. S.], 411.) The character of the instrument at the common law is that of a deed. (Burrill, Assignments, ch. 15.) There is no law for any legal filing or record of it in the office of the clerk of this county.

*C. E. Magoon,* and *R. J. Greene, contra:*

The command is positive, that the sheriff shall, within twenty-four hours after the execution of the deed of as-

signment, file it for record in the clerk's office of the county in which the assignee resides.  A deed of assignment in the state of Nebraska becomes absolute when it is filed for record.   The act of 1887 did not repeal every law on this subject theretofore in force, but simply amended certain parts of the general law of registry of the state.

MAXWELL, CH. J.

Theodore Horn made an assignment of all his property to the sheriff of Lancaster county for the benefit of his creditors, and the assignment within twenty-four hours thereafter was filed for record with the county clerk.   Afterwards the plaintiff began an action by attachment against the defendant, and the order was placed in the hands of the sheriff, who was also the assignee under the assignment.   He thereupon asked the direction of the court as to the disposition of the property.   On the hearing the court made the following order:

"This cause coming on now to be heard upon the motion of the sheriff for an order of the court as to the disposition of the property levied upon under the writ of attachment issued in the above entitled cause, and the facts being fully set out in the return of the writ of attachment, and the said motion having been fully argued and submitted to the court, and the court, being advised in the premises, upon said motion rules as follows: The return of the sheriff shows that on the 30th day of October, 1891, there was delivered to him, as assignee, a deed of assignment of various articles of personal property, duly executed and acknowledged by Theodore Horn, defendant, and that within twenty-four hours thereafter the sheriff, as assignee, filed the said deed of assignment in the clerk's office of said county as required by section 6, chapter 6, of the Compiled Statutes of 1889, entitled 'Assignments.'   The facts further appear that on the 19th day of November, 1891, a writ of attachment was issued in the above entitled cause,

and that the sheriff on the 20th day of November, as commanded by said writ, levied the same on the property included in the deed of assignment aforesaid and then in the possession of the sheriff as assignee. By section 77a of chapter 18 the office of register of deeds was created and the register of deeds given all the powers and obliged to perform all the duties relative to all papers, writings, or instruments pertaining to real estate theretofore enjoined by law upon county clerks; and by section 78 of said chapter it was made his duty to record, or cause to be recorded, in suitable books all deeds, mortgages, instruments, and writings authorized by law to be recorded in his office and left with him for that purpose. The only question before the court upon this motion is, whether the deed of assignment of Theodore Horn to the sheriff, as assignee, for the benefit of the creditors of said Horn, should have been filed in accordance with law, in the office of the register of deeds, or in the office of the county clerk, where in fact the sheriff did file it. Whatever might be the law as to the office in which a deed of assignment should be filed which conveys to the assignee real estate of the failing debtor, that question does not arise in this case, inasmuch as the deed of assignment from Horn to the sheriff conveys personal property only. The court holds that the deed was properly filed according to law in the office of the county clerk, and having been so filed the assignment is valid, the attachment cannot be sustained, and the sheriff is directed to turn over to John J. Gillilan, the assignee chosen by the creditors of defendant Horn, so much of the property covered by the writ of attachment as is included in the said deed of assignment, and that much of the property attached is hereby discharged from the writ of attachment."

From this order the plaintiff appeals. Section 6, chapter 6, Compiled Statutes, reads as follows: "Such assignment shall be in writing and shall be executed and acknowledged in the manner in which a conveyance of real

estate is or shall be required to be executed and acknowl-
edged in order to entitle the same to be recorded.  And
within twenty-four hours after its execution it shall be
filed for record in the clerk's office in the county in which
the assignee resides.  If it shall convey real estate it shall
be recorded in the deed record and entered upon the nu-
merical index in said office, otherwise it shall be recorded
in the miscellaneous record.  Within thirty days after its
execution it shall be filed for record in every other county
in this state in which there shall be situate real property
conveyed therein, and such assignment shall be recorded in
each such county in the manner aforesaid.  A failure to
file such assignment for record within the time aforesaid
in any county in which by the terms of this section it is
required to be recorded, shall avoid such assignment as to
property situate in such county ; and if a failure so to file
shall be due to the negligence or misconduct of any as-
signee appointed under the provisions of this act, such
assignee shall be liable to the creditors for the value of all
property as to which such assignment shall be so avoided,
and may be required to account for the same in all respects
as in case of other assigned property, or by any other ap-
propriate remedy."

In 1887 an act was passed which provides that "At the
general election in the year 1887, and every two years
thereafter, a register of deeds shall be elected in and for
each county having a population of 18,003 inhabitants or
more, to be ascertained by the census of 1885 and each
state and national census thereafter, who shall give bond,
with sufficient sureties thereon, to be approved by the
county board, in the penal sum of $10,000, conditioned for
the faithful performance of his duties, and such register of
deeds shall have all the powers and perform all the duties
relative to all papers, writings, and instruments pertaining
to real estate heretofore enjoined by law upon county
clerks, and shall receive the compensation allowed by law

therefor." It is provided that he shall have the custody of all deeds and mortgage record books, mechanic liens record, and "a separate book to be called the miscellaneous record." In all these provisions we find none that declares that an instrument which affects personal property alone shall be filed in the office of the register of deeds.

We are asked to declare the instrument void upon the sole ground that it was not filed in the proper office. This we cannot do. An assignment by a debtor of his property, the proceeds of which are to be divided among his creditors *pro rata*, is favored by the courts. The object of recording a deed of real estate is to give notice of the assignment and consequent conveyance to the assignee. The statute of Minnesota is similar to our own, but in *Paulson v. Clough*, 42 N. W. Rep. [Minn.], 398, the statute provided that no deed, etc., of assignment "shall be valid or of any force or effect whatever, unless recorded." The court, however, in construing the statute held it to be a registry law merely, and that an unrecorded deed being valid between the parties was so also as the others having actual notice thereof. This, we think, is a correct statement of the law. Possession of goods is notice of whatever interest the assignee may possess therein. In the case at bar the assignee was in possession of the goods in controversy, and this was notice to all parties that the possession had been changed and it was the duty of third parties to inquire by what right the assignee held the same. In other words, an assignment had actually been made and in pursuance thereof the goods had been transferred to the assignee for the purpose of carrying into effect the trust, and the possession of the goods was notice of the character in which he held the same. There is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.