SUMMERS v. WHITE, U. S. Marshal, et al. SUMMERS, Sheriff, v. NE-
BRASKA-MOLINE PLOW CO. et al. SAME v.
KINGMAN & CO. et al.

(Circuit Court of Appeals, Eighth Circuit. December 16, 1895.)

Nos. 669, 674, and 675.

1. ASSIGNMENT FOR CREDITORS—NECESSITY OF WITNESS.
Under Act Neb. June 1, 1883, requiring a voluntary assignment for the
benefit of creditors to be executed in the same manner as a conveyance
of real estate, taken in connection with Consol. St. Neb. 1891, c. 47, § 4324,
requiring a deed of real estate to be executed in the presence of at least
one competent witness, who shall subscribe his name, an assignment
which is not witnessed is invalid, and conveys no title, as against an
attaching creditor.

2. FEDERAL AND STATE COURTS—CONFLICT OF JURISDICTION.
After property has been seized under writs of attachment issued by
a federal court, replevin will not lie in the state court to recover it from
the marshal.

In Error to the Circuit Court of the United States for the Dis-
trict of Nebraska.

Proceedings in error by Charles E. Summers against Frank E.
White, United States marshal, Farrington Power, deputy marshal,
Lewis Boehme, deputy marshal, the Nebraska-Moline Plow Com-
pany, and Kingman & Co., and by Charles E. Summers, sheriff of
Fillmore county, Neb., assignee, against the Nebraska-Moline Plow
Company and Frank E. White, and by Charles E. Summers, sheriff
of Fillmore county, Neb., assignee, against Kingman & Co. (incor-
porated) and Frank E. White. Judgment in each case affirmed.

These cases grew out of the same transaction, and involve a common ques-
tion, for which reason they have been considered together, and may be dis-
posed of by a single opinion. On July 10, 1893, J. M. Burk made a gen-
eral assignment for the benefit of his creditors to Charles E. Summers,
the plaintiff in error, who was at the time sheriff of Fillmore county, Neb.
The assignment was made to said Charles E. Summers in his official capacity
as sheriff, pursuant to the requirements of the assignment law of the state
of Nebraska. Consol. St. Neb. 1891, c. 4, § 235. The deed of assignment
was not witnessed. The sheriff recorded the assignment on July 11, 1893,
took possession of the assigned property on that day, and remained in pos-
session thereof until July 17, 1893, when the property was taken from his
custody by Frank E. White, United States marshal for the district of Ne-
braska, under a writ of attachment issued by the circuit court of the United
States for the district of Nebraska in a suit begun by Kingman & Co., a
corporation, against J. M. Burk. Subsequently, on June 19, 1893, another
levy was made by the marshal on the same property under a writ of at-
tachment issued at the instance of the Nebraska-Moline Plow Company, in
a suit begun by it against J. M. Burk in the circuit court of the United
States for the district of Nebraska. Subsequently Charles E. Summers in-
tervened in the two attachment suits thus brought, claiming the attached
property as assignee of J. M. Burk under the deed of assignment for the gen-
eral benefit of Burk's creditors. Summers, as assignee, also brought an ac-
tion of replevin against Frank E. White, United States marshal, and against
Farrington Power and Louis Boehme, deputy marshals, and also against the
Nebraska-Moline Plow Company and Kingman & Co. The action of replevin
was instituted in the district court of Fillmore county, Neb., but was sub-
sequently removed therefrom by the defendants to the circuit court of the
United States for the district of Nebraska. The replevin suit aforesaid was
eventually tried in the circuit court of the United States before a jury. The

jury returned a special verdict, and on the return thereof the court entered a judgment in favor of Frank E. White, United States marshal, and against Charles E. Summers, assignee. At the same time it entered an order in each of the aforesaid attachment suits directing that the intervening petition of the assignee in each of said suits be dismissed at the assignee's cost. The record in each of said suits has been removed to this court by a writ of error sued out by the assignee.

Lionel C. Burr (F. B. Donisthorpe and Chas. L. Burr were with him on the brief), for plaintiff in error.

John L. Webster and James H. McIntosh, for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

There are numerous questions presented by the record in these cases which were discussed at considerable length on the oral argument and in the briefs of counsel; but in our opinion the decision hinges on the inquiry whether the deed of assignment by J. M. Burk to Charles E. Summers, sheriff of Fillmore county, was rendered invalid, so far as the attaching creditors were concerned, by reason of the admitted fact that it was not witnessed. If the deed of assignment was invalid for want of an attesting witness, it is manifest, we think, that the attachments were properly levied, and that the assignee had no title which he could enforce as against the United States marshal, either by an original action of replevin, or by an intervening petition filed in the several attachment suits. The act regulating voluntary assignments for the benefit of creditors, which has been in force in the state of Nebraska since June 1, 1883, contains, among others, the following provisions, to wit:

"231. That no voluntary assignment for the benefit of creditors hereafter made shall be valid unless the same shall be made in conformity to the terms of this act.

"232. Every such assignment shall be of all the property, real and personal, of the assignor or assignors therein named wherever situated. * * *

"233. Real estate so assigned shall be described in the deed of assignment in such manner as would be requisite in an ordinary deed of conveyance thereof. * * *"

"236. Such assignment shall be in writing and shall be executed in the manner in which a conveyance of real estate is, or shall be, required to be executed and acknowledged, in order to entitle the same to be recorded. * * *" Consol. St. Neb. 1891, p. 120, c. 4.

The statutes of that state contain the following provision relative to the execution of deeds of real estate:

"Deeds of real estate, or any interest therein, in this state, except leases for one year, or for a less time, if executed in this state, must be signed by the grantor or grantors, being of lawful age, in the presence of at least one competent witness, who shall subscribe his or her name as a witness thereto, and be acknowledged or proved and recorded as directed in this chapter." Consol. St. Neb. 1891, c. 47, § 4324.

The first law on the subject of assignments for the benefit of creditors, that was adopted in the state of Nebraska on February 19, 1877 (Laws Neb. 1877, p. 24), did not, as it seems, contain any provision similar to that found in the assignment act of 1883, re-

quiring deeds of assignment to be acknowledged in the manner in which conveyances, of real estate are required to be acknowl-edged. Nevertheless, it was held by the supreme court of the state of Nebraska in Heelan v. Hoagland, 10 Neb. 511, 7 N. W. 282, that under the act of February 19, 1877, a deed of assignment conveying land, to be valid, must be executed in like manner as deeds of real estate. In that case it was accordingly ruled that an attachment levied by a creditor upon the real estate of his debtor, which was at the time in the actual possession of an assignee, would prevail over the title of the assignee, it appearing that the deed of assignment under which the latter held had not been acknowledged by the debtor, although the same had been recorded in the proper registry office. It also appears to be held in that state that the provision requiring deeds of real estate to be signed "in the presence of at least one competent witness, who shall subscribe his or her name as a witness thereto," is a mandatory provision, and is not merely directory. Thus, in the case of Child v. Baker, 24 Neb. 188, 203, 38 N. W. 725, which was a controversy between two persons for the possession of land, each of whom had obtained a deed for the same from the owner, it was held that the conveyance first executed was invalid, and conveyed no title, because the attesting witness had an interest in the conveyance, and for that reason was not a competent witness to the deed. Also, in the case of Rupert v. Penner, 35 Neb. 587, 591, 53 N. W. 598, which was a suit in ejectment, it was held that it is a good and sufficient objection to the admission of a deed in evidence that it is not witnessed as the statute (section 4324, supra) directs. And in the case of Green v. Gross, 12 Neb. 117, 123, 10 N. W. 459, it was said, "A deed executed in this state must be signed by the grantor in the presence of at least one competent witness, who shall subscribe his name thereto as a witness." It has also been held in other jurisdictions that a conveyance which lacks an attesting witness is invalid, and conveys no title, if executed in a state whose laws direct that conveyances of real estate shall be witnessed. Crane v. Reeder, 21 Mich. 24, 61, and cases there cited. White v. Denman, 1 Ohio St. 110; Clark v. Graham, 6 Wheat. 577; Tate v. Lawrence, 11 Heisk. 503; Parret v. Shaubhut, 5 Minn. 323 (Gil. 258); Meighen v. Strong, 6 Minn. 177 (Gil. 111). In view of the authorities, the conclusion seems to be inevitable that, under the statute of Nebraska, deeds purporting to convey real estate are invalid unless they are witnessed in the mode provided by the statute. And inasmuch as the assignment law of that state provides that voluntary assignments shall be executed in the manner in which a conveyance of real estate must be executed to entitle the same to be recorded, and inasmuch as it also declares that no assignment shall be valid unless the same shall be made in conformity to the terms of the act, the further conclusion would seem to follow that an assignment made in Nebraska, which is not witnessed, conveys no title, as against an attaching creditor of the assignor.

In opposition to this view, it is said that the statute relating to the execution of deeds (section 4324, supra) is a registry act, rather than a law prescribing the mode in which the title to real property shall be transferred. Hence it is urged that a title acquired under a deed or assignment that is not witnessed will prevail over the lien of an attaching creditor, if the grantee or assignee takes possession of the property that is conveyed or assigned before the attachment is levied. Some expressions are found in the case of Bank v. Horn, 34 Neb. 742, 52 N. W. 562, which lend support to that view; but the question whether an unwitnessed deed is valid or otherwise was not involved in that case, and was not considered. On the other hand, the decisions heretofore cited, where the precise question was involved, proceed upon the manifest assumption that a deed which is not witnessed is insufficient to convey title. Thus, in Child v. Baker, supra, the court said, "The instrument offered and given in evidence by the defendant * *. * is not a deed sufficient to convey title, for the want of a competent attesting witness." We are of the opinion, therefore, that it is the established doctrine in the state of Nebraska that a deed to real estate must be witnessed, to convey a valid title. And such being the law on that subject, as settled by local decisions, it is, as a matter of course, binding upon this court.

The result is that we have felt ourselves constrained to hold that the assignment under which the assignee claims title was ineffectual to place the assigned property beyond the reach of the two writs of attachment which were sued out by the creditors of Burk, and were levied by the marshal. In view of the mandatory provision found in the assignment law, that assignments shall be executed in the manner that a conveyance of real estate is required to be executed to entitle it to be recorded, and in view of the positive provision found in the act, that no assignment shall be valid unless made in conformity to the terms of the act, we do not feel ourselves at liberty to decide that an assignment is valid in the state of Nebraska although it is not witnessed. We think, therefore, that the orders made in the attachment suits, dismissing the intervening petitions, were properly entered, and that the judgment in the replevin suit was for the right party. With respect to the latter judgment, it is proper to add that it may be sustained on the further ground that after the property had been seized under the writs of attachment a suit in replevin would not lie in the state court to recover the possession thereof from the marshal. In place of bringing a suit in replevin in the state court, the assignee should have addressed his complaint to the federal court, from whence the writs of attachment emanated. Covell v. Heyman, 111 U. S. 176, 4 Sup. Ct. 355; Gumbel v. Pitkin, 124 U. S. 131, 8 Sup. Ct. 379, and cases there cited. The judgment of the circuit court in each of the above cases is accordingly affirmed.