Sager v. Summers.

---

JEROME H. SAGER, CONSTABLE, v. CHARLES E. SUMMERS.

FILED OCTOBER 21, 1896. No. 8563.

1. **Voluntary Assignments**: FAILURE TO WITNESS DEED. A deed of assignment for the benefit of creditors, unless witnessed, is absolutely void.

2. ———: CONSTRUCTION OF STATUTE. The comma after the word "acknowledged" in the fourth line of section 6, chapter 6, Compiled Statutes, is an interpolation.

3. ———: ———: EXECUTION AND ACKNOWLEDGMENT. Said section 6 construed, and *held*, that an assignment for the benefit of creditors, to be valid, must be in writing and executed and acknowledged in the same manner that an ordinary conveyance of real estate is required to be executed and acknowledged to entitle the latter to record.

4. ———. *Deere v. Losey*, 48 Neb., 622, and the second and third points in the syllabus of *Lancaster County Bank v. Horn*, 34 Neb., 742, overruled.

ERROR from the district court of Fillmore county. Tried below before HASTINGS, J.

The facts are stated in the opinion.

*John D. Carson*, for plaintiff in error:

The deed of assignment is not witnessed and is, therefore, null and void. (*Harrison v. McWhirter*, 12 Neb., 155; *Green v. Gross*, 12 Neb., 123; *Child v. Baker*, 24 Neb., 188.)

*F. B. Donisthorpe, Charles H. Sloan, R. J. Sloan*, and *H. P. Wilson, contra:*

The assignment is valid. (*Lancaster County Bank v. Horn*, 34 Neb., 742; *Weaver v. Coumbe*, 15 Neb., 171; *Paulson v. Clough*, 42 N. W. Rep. [Minn.], 398; *Deere v. Losey*, 48 Neb., 622; *Commercial Nat. Bank v. Nebraska State Bank*, 33 Neb., 305.)

RAGAN, C.

On the 10th day of July, 1893, one J. M. Burke, residing in Fillmore county, Nebraska, made an assignment for the benefit of all his creditors to Charles E. Summers, the sheriff of said county. This assignment appears to have been executed in exact conformity to the statutes, except that it was not witnessed. A creditor of Burke's caused an execution to be issued and placed in the hands of one Jerome H. Sager, a constable, who seized a part of the property in the possession of Summers as assignee. Summers replevied the property, and on the trial in the district court he had a verdict and judgment, to reverse which Sager prosecutes here a petition in error.

1. On the trial of the replevin action Summers offered in evidence the deed of assignment executed and delivered by Burke to him. To the introduction of this deed Summers objected on the ground that it was not witnessed. The objection was overruled and the deed read in evidence. This action of the district court is the first assignment of error argued here. The precise question is this: Is a deed of assignment made by an insolvent debtor absolutely void unless witnessed? So much of

chapter 6, Compiled Statutes, as is material here is as follows:

"Section 1. That no voluntary assignment for the benefit of creditors hereafter made shall be valid unless the same shall be made in conformity to the terms of this act.

"Sec. 2. Every such assignment shall be of all the property * * * of the assignor, * * * except so much thereof as may be exempt from * * * execution. * * *

"Sec. 3. Real estate so assigned shall be described in the deed of assignment in such manner as would be requisite in an ordinary deed of conveyance thereof, and real estate claimed to be exempt shall be expressly excepted by a like description."

"Sec. 5. In every such assignment the sheriff and his successor in office of the county in which the assignor resides * * * shall be named as assignee.

"Sec. 6. Such assignment shall be in writing and shall be executed and acknowledged in the manner in which a conveyance of real estate is or shall be required to be executed and acknowledged in order to entitle the same to be recorded," etc.

It is to be observed that section 1 quoted above declares that no assignment for the benefit of creditors shall be valid unless the same shall be made in conformity to the terms of this act. The word "valid" means having force, of binding force; legally sufficient or efficacious; authorized by law. (Anderson's Law Dictionary.) The section, then, is to be construed as if it read: "All voluntary assignments for the benefit of creditors shall be void unless they shall be made in conformity to the terms of this act." The word "made" in the act also requires construction. "To make" is to produce, to create, to execute. (Anderson's Law Dictionary.) The word "made," then, in the section should be construed the same as "executed," and a fair construction of the entire section would read as follows: "Every voluntary assignment for the benefit of creditors hereafter made shall be void unless the same shall be executed in conformity to the terms of this act."

The act requires the observance and performance of several things in the execution of a deed of assignment. The assignment shall be of all the property, both real and personal, of the assignor, except such as is exempt. If the assigned property is real estate it must be described in the deed of assignment in such manner as would be requisite in an ordinary conveyance thereof. The real estate claimed to be exempt must be likewise described. The sheriff and his successor in office of the county in which the assignor resides must be made the grantee in the deed. The assignment must be in writing and it must be executed and acknowledged in the same manner in which the law requires a conveyance of real estate to be executed and acknowledged in order to entitle such conveyance of real estate to be recorded. The act does not expressly say that the deed of assignment shall be delivered to the sheriff, but doubtless this is a fair construction of the act; and in *Wells v. Lamb*, 18 Neb., 352, and in *Wells v. Lamb*, 19 Neb., 355, it was held that a deed of assignment was not executed within the meaning of the statute until the assignor surrendered control over it by delivering it. Conveyances of real estate executed within this state, conveying real estate situate within this state, to entitle them to be recorded, must be witnessed and acknowledged. (Compiled Statutes, ch. 73, sec. 1.)

Our statute relating to assignments for the benefit of creditors was construed by the United States circuit court of appeals in *Summers v. White*, 71 Fed. Rep., 106. The validity of the deed of assignment involved in that case was the one involved here, and the property involved was part of the property sought to be conveyed by the deed of assignment under consideration. The court said: "In view of the mandatory provision found in the assignment law, that assignments shall be executed in the manner that a conveyance of real estate is required to be executed to entitle it to be recorded, and in view of the positive provision found in the act that no assignment shall be valid unless made in conformity to the terms of the act,

we do not feel ourselves at liberty to decide that an as-
signment is valid in the state of Nebraska although it is
not witnessed." We think this a correct construction of
the statutes quoted, and we accordingly hold that a vol-
untary assignment for the benefit of creditors, if unwit-
nessed, is absolutely void. In *Deere v. Losey*, 48 Neb., 622,
we reached a contrary conclusion, but we were led into
that error by the punctuation of section 6 of the assign-
ment act found in the Compiled Statutes. In that section
the compiler placed a comma after the word "acknowl-
edged," in the fourth line of said section 6. This would
justify a reading of that section as follows: "That an as-
signment for the benefit of creditors, to entitle it to be
recorded, must be executed and acknowledged in the
manner in which a conveyance of real estate is or shall be
required to be executed and acknowledged." But on
looking at the enrolled act in the secretary of state's
office, and at the section as printed in the Session Laws
of 1893 (see Session Laws, 1883, p. 67), it will be observed
that the only comma in the first sentence of said section
is after the word "writing," which makes the section read,
in effect, that a deed of assignment shall be in writing,
and shall be executed and acknowledged in the same
manner that an ordinary deed of real estate is required to
be executed and acknowledged to entitle it, the ordinary
deed of real estate, to be recorded. *Deere v. Losey* is,
therefore, overruled.

2. But it is said in support of the judgment that an ordi-
nary deed of real estate, or a bill of sale of personal prop-
erty, actually signed by the grantor and delivered to the
grantee, is a good conveyance of the property as between
the parties though such conveyance is neither witnessed
nor acknowledged; and it is insisted that a deed of as-
signment made by an insolvent debtor for the benefit of
his creditors would therefore also be good as between the
parties and those having actual notice thereof. It is
true that an ordinary conveyance of real estate, though
neither witnessed nor acknowledged, if duly signed by

the grantor and delivered, will pass the legal title to the grantee therein. But this is because no statute requires an ordinary deed of conveyance to be witnessed or acknowledged in order that such conveyance may be valid between the parties. The requirements that a deed shall be witnessed and acknowledged are to enable the deed to be read in evidence without further proof, and to entitle it to be recorded under the registry acts, and the object of recording the deed is to preserve and perpetuate it as evidence and to give notice to the world of the conveyance. (*Burbank v. Ellis*, 7 Neb., 156; *Green v. Gross*, 12 Neb., 117; *Keeling v. Hoyt*, 31 Neb., 453; *Connell v. Galligher*, 39 Neb., 793; *Pearson v. Davis*, 41 Neb., 608, and cases there cited.) But by virtue of the provisions of chapter 73, Compiled Statutes, an ordinary deed of conveyance of real estate, in order to entitle it to be recorded, must be both witnessed and acknowledged; and the assignment law under consideration declares, in effect, that a deed of assignment for the benefit of creditors shall be absolutely void unless it is executed and acknowledged in the same manner that an ordinary deed of real estate would have to be executed and acknowledged in order to entitle the latter to be recorded. In other words, an ordinary conveyance of real estate is not void though not witnessed or not acknowledged, because such deed was a good conveyance between the parties at common law, and no statute exists which makes such a deed void; but the legislature has in express terms declared that a deed of assignment for the benefit of creditors shall be void unless it complies with certain requirements of the insolvent debtor's act.

3. Another argument in support of the judgment is that Summers, the assignee, was in possession of the property in question, and that Sager, the constable, when he seized it on execution actually knew that Summers claimed the property as the assignee of Burke, and, therefore, Sager is in no position to assail the insufficiency of the deed of assignment. This is but a different statement of the ar-

gument already noticed, that the deed of assignment was good between the parties. In other words, that it was voidable, but not void. It seems to have been held in *Lancaster County Bank v. Horn*, 34 Neb., 742, that possession of property by an assignee under a void deed of assignment was good as against an attaching creditor of the assignor, the writer of the·opinion saying: "Possession of goods is notice of whatever interest the assignee may possess therein. In the case at bar the assignee was in possession of the goods in controversy, and this was notice to all parties that the possession had been changed, and it was the duty of third parties to inquire by what right the assignee held the same;" and in the second and third points of the syllabus it was said: (2.) "An assignment for the benefit of creditors, as it secures an equitable distribution of the proceeds of the debtor's property among his creditors, will be sustained if possible." (3.) "Where the assignee has taken actual and exclusive possession of the personal property assigned, such possession cannot be disregarded by third parties on the ground of want of notice. The statute merely provides for a registry of the instrument." But all this was *obiter*, as the question in the case was whether the deed of assignment should have been filed in the office of the county clerk or in the office of the register of deeds of Lancaster county. The question in that case, and in this, is not whether the possession of the assignee was notice to the world of his claims to the property; but the question there and here is whether the assignee had any interest in the property; whether the deed under which he claimed had been executed as the law required. There was no question in that case, nor is there any question in this, of equities existing between the parties. The question presented by that case and by this is whether the assignor complied with the law in the execution of his deed of assignment. If he did, it was valid whether the creditors had notice thereof or not. If he did not, it was void, no matter what the knowledge of the creditors of the assignor was, nor

34

what possession the assignee had of the property. It is not the province of the court, by construction, to read into this statute of insolvent debtors provisions which we might be of opinion would mitigate the harshness of its requirements. Our duty in the premises is to ascertain, if we can, and declare the intention of the legislature. It was perfectly. competent for the legislature to declare that a deed of assignment for the benefit of creditors should be void unless it was executed and acknowledged in the same manner as an ordinary conveyance of real estate is required to be executed and acknowledged to entitle the latter to be recorded. Nor is it true that a deed of assignment for the benefit of creditors is to be sustained "if possible." Of course, it is not to be declared void for any mere technical informality; but to be valid, it must be executed in substantial conformity with the law. This assignment law was not designed for the benefit of creditors, but for the benefit of the debtor; and by complying with its provisions he is enabled to impound all his property in the hands of an assignee and deprive his creditors of the power to seize it, as at common law they had a right to do, for the satisfaction of their debts. In other words, the assignment act is a creature of statute, and any one claiming property under it must show at least a substantial compliance with its provisions. The second and third points of the syllabus in *Lancaster County Bank v. Horn*, 34 Neb., 742, are overruled. The deed of assignment offered in evidence in this case was void. The district court erred in admitting it. Its judgment is therefore reversed and the action dismissed.

REVERSED AND DISMISSED.

PER CURIAM.*

The conclusion adopted in the opinion filed herein is the proper one, irrespective of the punctuation of section 6, chapter 6, Compiled Statutes. The motion for a rehearing is accordingly denied.

*Order made December 16, 1896, on motion for rehearing.