## WILLETT v. MILLMAN, SHERIFF ET AL.

1. **Default:** ORDER SETTING ASIDE: DISCRETION OF COURT. The setting aside of a default rests peculiarly in the discretion of the judge who entered it; and where an abuse of such discretion is not affirmatively shown, an order to that effect will not be disturbed.

2. ———: MOTION TO SET ASIDE: MERITORIOUS DEFENSE. Where the action was in replevin, an affidavit that the property replevied was in fact the property of plaintiff's husband, from whom defendant had taken it on execution against him, and that plaintiff's claim to the property was fraudulent, was a sufficient showing of merits to sustain a motion to set aside a default against defendant.

*Appeal from Poweshiek District Court.*

WEDNESDAY, JUNE 6.

ACTION in replevin to recover certain personal property levied upon by the sheriff under an execution against E. A. Willett. There was a default rendered against defendants, which, upon their motion, was set aside. Plaintiff appeals from the order setting aside the default.

*Clark & Cheshire*, for appellant.

*A. W. Ballard*, for appellees.

BECK, J.—I. The motion to set aside the default is verified by the attorney of defendant, who had charge of the case

when the default was entered. It states the facts connected with the entry of the default, and refers to other cases depending in the same court, and the action of the attorney connected therewith, intended to show excuse for failing to file an answer in the case at the proper time. It is impossible for us to understand from these references whether the matters stated sufficiently excused the attorney of negligence. And it is not shown that other facts were not brought to the attention of the court by oral testimony, or were not within the knowledge of the judge, which sufficiently excused the attorney of the charge of negligence. Exercising the presumption as required by the law in support of the court's ruling, we must conclude that there was evidence before the court justifying the conclusion that the attorney was not so negligent as to forbid the setting aside of the default. It must be remembered, too, that an order granting relief of this character, rests largely in the discretion of the judge making it, who is better advised as to the facts and the real merits of the case than we can be. The presumptions supporting such rulings are stronger than in other cases.

II. The motion of defendant, which, as we have said, was verified, states that the defense to plaintiff's action "is that the property levied on by the sheriff is the property of the husband of plaintiff, E. A. Willett [the defendant in the execution], and not the property of plaintiff, and her claim thereto is fraudulent." This is a sufficient shewing of a meritorious defense, as required by Code, § 2871. The judgment of the district court is

AFFIRMED.