JENNIE WHITE, Appellant, v. DAVID GRAY AND S. G. UNDERWOOD; JENNIE WHITE, Appellant, v. DAVID GRAY AND H. F. HATTENHAUR.

92  525
112  494

Practice: Discretion: NEW TRIAL. Where an attorney told his client that he could not attend to his case, through illness, and defendant did no more because he understood the attorney would engage another already connected with the case, in a manner, which engagement was by reason of illness not made, the granting of a new trial on account of unavoidable casualty, etc. (Code, 3154, paragraph 7), will not be interfered with.

*Appeal from Pottawattamie District Court.*—HON. N. W. MACY, Judge.

THURSDAY, DECEMBER 13, 1894.

THESE cases, being identical in their facts except in one particular, are submitted together. Plaintiff brought these actions to recover upon two separate injunction bonds executed by the defendant Gray as principal, with the defendant Underwood as his surety on one and the defendant Hattenhaur as his surety on the other. Judgment on default for want of answer was rendered against the defendants in each case, and after the term, and within one year, they filed petitions for new trials. Judgment was entered granting a new trial in each case, and from these judgments the plaintiff has appealed.—*Affirmed.*

*Harl & McCabe* for appellant.

*Sims & Bainbridge* for appellees.

GIVEN, J.—Soon after the service of the original notices in these cases the sureties informed the defendant Gray, and it was understood between them, that Mr. Gray should take charge of the preparation of the defenses in each action. Paragraph 7 of section 3154 of the Code provides for granting new trials "for unavoidable casualty or misfortune preventing the party from prosecuting or defending." It is upon this ground that a new trial is asked, and it is contended that Mr. Gray was prevented by unavoidable casualty and misfortune from making defenses in these actions. It will serve no good purpose to here state or discuss at length the facts relied upon as showing that the defendant Gray was prevented by unavoidable casualty or misfortune from defending in these actions. It is sufficient to say that at that time defendant Gray was involved in a number of suits, including these, in which Mr. N. M. Pusey appeared as his sole attorney. By reason of the protracted illness and death of Mr. Pusey's wife, and his own impaired health, he was unable to

look after the cases for Mr. Gray, and so informed him. Jacob Sims, Esq., was already connected with some of the cases as an attorney representing interests that were not adverse to the claims of Mr. Gray, and it seems to have been understood by Mr. Gray that Mr. Pusey would, for him, engage Mr. Sims, either to assist or to take charge of the defenses in these cases. Resting upon this understanding, Mr. Gray awaited notice from his attorney before doing anything further in the preparation of his defenses. It is denied that Mr. Gray had reason to believe that Mr. Pusey would engage the services of Mr. Sims, but we think the court was warranted in so finding from the evidence, and that the failure to defend the cases was because of Mr. Pusey's omission to engage the services of Mr. Sims, and that the omission was because of the unavoidable casualties and misfortunes that had come upon Mr. Pusey at that time. The particular in which the cases differ in their facts is this: At the time of commencing the actions, petitions and copies were filed, and the filings duly entered upon the appearance docket, but by inadvertence the copy of the petition in the case against Gray and Underwood was indorsed and put into the wrapper as the petition in the case against Gray and Hattenhaur. As for the reasons already stated we think the court was warranted in granting the new trials, we need not further notice this inadvertence. We have examined the evidence with care, and reach the conclusion that there was no such abuse of the discretion vested in the district court in granting these new trials as warrants reversal of its judgment. AFFIRMED.