GEORGE D. SITZER, Appellant, v. CHARLES FENZLOFF.

Motion to Set Aside Default:   EVIDENCE:  *Irregularity of Clerk.*
Where the petition in an action on an open account for medical services was not verified, as required by Code, section 3624, and the verified account attached thereto ran against defendant's son, and a default judgment was entered, "damages to be assessed by the clerk," who, under section 3791, is only authorized to assess where the action is on a money demand, and the amount is a mere matter of computation, a motion to set aside the default was properly sustained because of the irregularity in obtaining it.

SUFFICIENCY OF EVIDENCE.  Where, on a motion to set aside a default judgment, the trial court might have found that the person who served the original notice, by his conversation and conduct, misled defendant to understand that the paper served was simply a demand for payment, and that by reason thereof defendant was not negligent in failing to have the notice trans-

lated, so that he might understand it, it cannot be said that there was an abuse of discretion in sustaining the motion.

Review on appeal. An appeal from an order made in a proceeding based on Code, title I., chapter 20, providing for the vacation of a judgment and a new trial for mistake of the clerk or irregularity in obtaining the judgment, for fraud in procuring the same, and for unavoidable casualty or misfortune, preventing the party from prosecuting or defending, is not triable de novo, but on assignments of error, and, if there be conflict in the evidence or inferences fairly deducible therefrom, such facts, reasonably consistent with the evidence, as will support the conclusion reached, will be assumed.

Objection below. If no objection is made to a motion to set aside a default on account of the form of the application, it will be treated as sufficient in that respect.

*Appeal from Floyd District Court.*—Hon. C. H. Kelley, Judge.

Friday, December 21, 1900.

From an order sustaining defendant's motion to set aside a default and judgment and grant a new trial, plaintiff appeals.—*Affirmed.*

*J. W. Brown* for appellant.

*Ellis & Ellis* for appellee.

Deemer, J.—The action is to recover compensation for medical services rendered the defendant's son. The original notice was served by plaintiff's son, and due and timely return made to the district court. The petition was not verified, but a bill of particulars attached thereto as an exhibit was verified by plaintiff. This bill did not meet the requirements of section 3623 of the Code in all particulars, but, in the absence of timely objection, was sufficient as a bill against defendant's son.

The copy of the petition filed with the clerk did not have a bill of particulars annexed. Defendant failed to appear in response to the notice, and the court ordered judg-

ment against him on default, and directed the clerk to assess the amount thereof. From the itemized statement attached to the petition the clerk assessed the amount due, and entered the judgment as directed. This was at the November, 1897, term of court. After the adjournment of that term, and on the sixth day of December, the defendant filed a motion to set aside the default and grant a new trial, based among other things, on the grounds— First, that the petition was not verified, and did not contain a proper bill of particulars; second, that no copy of petition was filed as required by law, third, that the court had no authority, under these circumstances, to direct the clerk to assess the amount of recovery; fourth, that no proof was offered to show the defendant's liability for the amount of the judgment or for any other amount; and, fifth, that defendant is unable to read English, and understands it but imperfectly when spoken, and did not know that the notice served by plaintiff's son was an original notice, but supposed and understood, from what was said to him by the son, that the paper served on him was simply a claim or demand that he was asserting on the part of his father, and had no thought that it was an original notice. The motion also contained a showing of a meritorious defense. The trial court sustained this motion, and the appeal is from the ruling thereon.

The general rule applicable to such orders is well understood. A fair trial on the merits is the object sought in all judicial proceedings, and, in the absence of negligence on the part of him who is in default, is to be encouraged and secured by the court. When the right to such trial is granted, an appellate court is loath to interfere, and will do so only in case of abuse of the discretion of the trial court. *Callanan v. Bank,* 84 Iowa, 8; *Willett v. Millman,* 61 Iowa, 123; *Lundon v. Waddick,* 98 Iowa, 478; *Westphal v. Clark,* 46 Iowa, 264.

While the form of the application in this case may not have been exactly in consonance with the provisions of the Code—it being a motion—yet, as no objection was interposed thereto, it will be treated as sufficient. The proceedings seem to have been bottomed on chapter 1 of title 20 of the Code, which provides for the vacation of a judgment, and a new trial, "for mistake * * * of the clerk, * * * or irregularity in obtaining the judgment, * * * for fraud in procuring the same, * * * and for unavoidable casualty or misfortune, preventing the party from prosecuting or defending."

An appeal from an order made under these provisions is not triable *de novo;* but on assignments of error, and, if there be any conflict in the evidence or in the inferences fairly deducible therefrom, this court will assume such a state of facts, reasonably consistent with the evidence, as will support the conclusion reached. Under this rule the trial court may have found that plaintiff's son, who served the original notice, by his conversation and conduct, misled the defendant and caused him to understand that the paper served was simply a demand for the payment of the claim and not the service of an original notice, and that, by reason of the statement made to him, defendant was not negligent in failing to have the notice translated, so that he might understand its purport. If these be the facts, we are not prepared to say that the trial court abused its discretion in granting the new trial. *White v. Gray,* 92 Iowa, 525.

Moreover, the petition was not verified, as required by section 3624 of the Code, and as the account that was attached to the petition, which was verified, ran against George D. Sitzer, and not against the defendant, Charles Sitzer, and as the clerk is only authorized to assess when the action is for a money demand, and the amount a mere matter of computation (Code, section 3791), it seems to us that the motion was properly sustained because:

of irregularity in obtaining the judgment. *Railroad v. Shaw,.* 5 Iowa, 464; *Burlington R. Co. v. Marchand,* 5 Iowa, 468.. Something more than a mere computation of the amount due was essential to the recovery of judgment. True, the action may be said to have been on an open account; but the account as kept was against defendant's son and the petition was not verified as required by law. Under such circumstances, proof of defendant's liability for the account was required. No fraud in procuring the judgment is shown,. but for the reasons pointed out the order is AFFIRMED.