FARMERS EXCHANGE BANK, Appellant, v. EDWIN AND
ALICE TRESTER, Appellees.

**Judgments:** VACATION : NEW TRIAL : SHOWING OF DEFENSE.  In a pro-
ceeding to vacate a default judgment and to obtain a new trial,
on the ground of unavoidable casualty or misfortune preventing
a defense to the action, the court will not weigh the evidence
in support of the defense with too great exactness, but will
determine the question upon the clear tendency of the evidence
and apparent probability of the result upon a trial of the cause
on its merits.

**New trial:** CASUALTY AND MISFORTUNE : DISCRETION : SUFFICIENCY OF
SHOWING.  The sufficiency of a showing for the setting aside of
a default judgment, and the granting of a new trial on the ground
of casualty and misfortune, is largely a matter of discretion

with the trial court; and its order will not be disturbed on appeal, in the absence of an abuse of that discretion; especially when the trial court has granted a new trial. In the instant case the record is held to support the order granting a new trial.

**Same.** The fact that a defaulting defendant attempted to effect a 3 compromise and settlement of the judgment against him, is not a sufficient reason for refusing to set the judgment aside for unavoidable casualty or misfortune.

*Appeal from Madison District Court.*—Hon. EDMUND NICHOLS, Judge.

WEDNESDAY, FEBRUARY 9, 1910.

THIS is a proceeding brought by the defendants to set aside a judgment obtained by the plaintiff, and to obtain a new trial under the provisions of section 4091 of the Code. The trial court granted the relief prayed, and ordered a new trial. Plaintiff appeals.—*Affirmed.*

*Dale & Harvison* and *Wilkinson & Wilkinson,* for appellant.

*John A. Guiher* and *W. S. Cooper,* for appellees.

EVANS, J.—The defendants are Edwin and Alice Trester, husband and wife. On October 7, 1908, the plaintiff obtained a judgment against them by default on a promissory note for $700. On November 20, 1908, they filed their petition in this proceeding presenting an answer therewith to the main action, and averring that they were prevented from defending "through unavoidable casualty and misfortune." Two questions are involved: (1) Was there a sufficient showing of unavoidable casualty or misfortune within the meaning of paragraph five of section 4091? (2) Was there a sufficient showing of defense to the main action?

Taking up the second question first, the evidence tends to show the following facts: On September 13, 1906, Edwin Trester bought from one MacDonald certain Texas land, subject to a $750 mortgage. The note in suit was executed in part payment of the purchase money for such land. Afterwards, on October 3d, Trester sold the land back to MacDonald, and conveyed the same to him by proper deed. The agreement of sale provided that the $700 note should thereby be canceled and returned to the defendants. Mac-Donald neither returned nor canceled the note. The note was not due by its terms until March 27, 1908. On May 27, 1907, MacDonald, in violation of his agreement, transferred the note to the plaintiff bank. At the same time he caused the Texas land which had been conveyed back to him by defendants to be conveyed to one of the partners of the plaintiff bank. The only consideration appearing in the purchase of the note in suit was the agreement of the bank to pay off the $750 mortgage upon the land conveyed to it. The conveyance of the land to the bank was for a purported consideration of $1. In view of the new trial to be had, we will avoid a discussion of the details of the defense disclosed. It is sufficient to say that it was *prima facie* meritorious, and that the showing was sufficient to justify the action of the court on this branch of the case. The final merits of the defense pro and con can only be determined upon the final trial. For the purpose of this proceeding, the court will not weigh the evidence with too great exactness, but will take into account the clear tendency of the evidence and the apparent probability of the result of the trial upon the merits. *State Ins. Co. v. Granger,* 62 Iowa, 272; *Brown v. Byam,* 59 Iowa, 52; *Clark v. Ellsworth,* 84 Iowa, 525. It is manifest from this record that the prominent question in dispute upon a new trial will be whether the plaintiff is entitled to protection as a "holder in due course," and this will involve all the circumstances

1. JUDGMENTS: vacation: new trial: showing of defense.

of the purchase, including those of consideration and notice. Appellees argue that it is incumbent upon the plaintiff to show want of notice on the part of each member of the partnership. We note, however, that the answer confines its allegation of notice to one member of the partnership, so that we have no occasion to consider the question here argued.

II. Turning now to the first question stated, was there a sufficient showing of casualty and misfortune, or were defendants and their counsel merely guilty of negligence? The defendants were served with notice in April, 1908, for the April term. They employed counsel, who obtained time to answer. An extension of this time resulted in a continuance over to the September term. On September 3, 1908, the plaintiff filed a formal motion for default. On October 7th plaintiff's counsel called up his motion in the presence of counsel who had appeared for defendants, and judgment was then entered for the plaintiff without protest from defendants' counsel. As against this, it is shown by defendant Edwin Trester that he immediately employed counsel to represent him and his wife after he was served with notice, and that he believed that his counsel was attending to the case and doing whatever was necessary to protect him, and that he knew nothing about his default until after he learned that a judgment had been entered. On the part of his counsel it is shown that he was employed, and that he advised his client that a successful defense could not be made unless evidence could be procured to show that the plaintiff was not an innocent purchaser of the note. For that purpose, certain facts were to be investigated; counsel understanding that the defendant and one Shriver would make such investigation and report to him. Not having heard anything further from the defendant, he assumed that he had abandoned the defense, and he gave the case no further attention. The defendant

*2. New trial: casualty and misfortune: discretion: sufficiency of showing.*

shows that he understood that his counsel would make whatever investigation was necessary, and that he would notify the defendant whenever he was needed. It is shown, also, that shortly after his conference with his counsel, the defendant became sick, and was confined to his home for many weeks and to his bed for much of that time, and this fact was not known to his counsel. It is claimed by plaintiff that the facts here disclosed show negligence only, and not casualty. It is also urged that the defendants intentionally abandoned their defense because they were both insolvent at the time. It appears that on November 4th Mrs. Trester inherited property by reason of the death of her father, and it is urged that this was the reason for the change of attitude.

It appears, also, that on November 5th Trester offered to compromise the judgment by paying the plaintiff the estimated cost of going through bankruptcy proceedings, and it is urged that this threat of bankruptcy was used as a mere club over the plaintiff, 3. SAME. and that it was done in bad faith. But this point hardly reaches the merits of the question under consideration. Insolvency has not many advantages, and such as it has are not attractive. If the defendant sought to avail himself of his poor advantage as a means of equality with or duress over the plaintiff, it was not heroic from a moral point of view. But it was weakly human and quite forgivable even from that point of view. Legally speaking, his efforts at compromise, whether open or covert, forfeited no right which he seeks to assert now. It appears, also, from the evidence that defendant learned of the judgment against him about October 10th, and on October 12th he consulted another attorney, Mr. Cooper, who at once took necessary steps for obtaining a new trial, and diligently prosecuted the proceedings to a termination. There is much that can be said in support of the theory of original negligence on the part either of client or counsel. It is a border line

case. Considering all the facts, the trial court took the view that there was a sufficient showing of casualty. His finding in that respect has the support of our previous decisions. *White v. Gray,* 92 Iowa, 525; *Peterson v. Koch,* 110 Iowa, 19; *Ennis v. Bldg. Ass'n,* 102 Iowa, 520. For like holding, see *McKinley v. Tuttle,* 34 Cal. 236; *Kupferle v. Bank,* 32 Ark. 717; *Beatty v. O'Connor,* 106 Ind. 81 (5 N. E. 880). Much discretion is conferred upon the trial court in this proceeding. Nothing but an abuse of such discretion will warrant our interference. *Chambliss v. Hass,* 125 Iowa, 484; *Callanan v. Bank,* 84 Iowa, 8; *Willet v. Millman,* 61 Iowa, 123. And this is especially so in cases wherein the trial court has exercised its discretion in favor of a new trial. *Westphal, Hines & Co. v. Clark,* 46 Iowa, 262; *Sitzer v. Fenzloff,* 112 Iowa, 491; *Marsh v. Colony,* 36 Iowa, 603.

Whether a misunderstanding such as is shown in this case amounts to a casualty or misfortune depends much upon the honesty of it. Such a "casualty" may be easily fabricated, and it is important that it be scrutinized closely. No form of words should be a sufficient cover for indirection in this respect. The discretion vested in the trial court is the most practicable protection possible against the abuse of this provision of the statute. The trial court occupies a better position to judge of the good faith of the alleged misunderstanding than is possible to the appellate court. The fact that a meritorious defense is disclosed is itself a circumstance in favor of good faith. We may say, also, that we are satisfied with the conclusion reached by the trial court upon the whole record. Its discretion was fairly exercised, and its order is *affirmed.*