## A. TUEFEL, Appellant, v. JOHN E. WILSON.

**Judgments:** SUIT TO VACATE: UNAVOIDABLE CASUALTY OR MISFORTUNE:
1 EVIDENCE. Where a party has not been negligent he may maintain an action in equity to set aside a default judgment, on the ground of unavoidable casualty or misfortune, after the statutory year has expired. In this suit to vacate a judgment against plaintiff and others jointly and severally liable, the evidence is held to show such a misunderstanding between plaintiff in this case and the attorney for plaintiff in the other suit, as to notification by such attorney of the time when it would be necessary for him to appear at court to protect his rights, as will authorize vacation of the judgment.

**Same.** Where plaintiff and defendant are jointly and severally liable

2 for the same obligation in equal shares, the defendant has a good defense to a judgment for more than his share, which will authorize the setting aside of an excessive default judgment against him.

*Appeal from Iowa District Court.*—Hon. R. P. Howell, Judge.

WEDNESDAY, OCTOBER 25, 1911.

ACTION in equity asking that a judgment and default against the plaintiff be set aside. There was a judgment for the defendant, and the plaintiff appeals. *Reversed.*

*Dower & Murphy,* for appellant.

*Popham & Havner* and *E. J. Sullivan,* for appellee.

SHERWIN, C. J.—The defendant, John E. Wilson, filed a statement of general consent to the sale of intoxicating liquors in Iowa county, which statement was held sufficient by the board of supervisors. An appeal was taken from such finding, and Wilson was made a party appellee and filed a bond, as required by section 2450 of the Code. Wilson, the plaintiff, and eleven others, were financially interested in sustaining the statement of general consent, and, after the appeal had been taken from the action of the board and after Wilson had filed his bond, they all signed a written agreement to "jointly and severally . . . bear and pay, share and share alike," all of the costs, expenses, and attorney's fees incurred in sustaining said statement on the appeal. Wilson was by the writing appointed a committee of one to look after the interests of all and to collect and disburse for them. The litigation that followed was expensive, and the plaintiff herein was called upon, from time to time, for his contri-

butions thereto, which he paid.  Wilson also paid his share, and probably more than his share, as the litigation progressed.  After the matter was finally settled, there was some difficulty in procuring the amount necessary to pay attorney's fees and other expenses, and finally Wilson brought suit against his twelve cosigners for the full amount then unpaid.  The plaintiff herein was served with notice of such suit on the 3d day of October, 1907, and the notice required him to appear and defend at a term of the district court to begin on the 14th of the same month.  He did not appear and defend, for reasons which we shall note further along, and on the 19th day of October a default and judgment were entered against him for something over $2,000.  Some of the signers of the agreement did appear and finally demur to Wilson's petition on the ground that no one of the signers was liable for the whole expense, which demurrer was sustained about a year after judgment was taken against this plaintiff.  Wilson then dismissed, as to the defending parties, and after the expiration of more than a year from the date of his judgment against plaintiff, he caused execution to issue and a levy to be made on plaintiff's property.  This action was then brought to set aside the judgment and default.  The appellant asks relief on three grounds.  He says that the procuring of the judgment against him for the whole amount was a fraud; that there was irregularity in obtaining the judgment; and, third, that his failure to defend was due to unavoidable casualty or misfortune.  As we are of opinion that the judgment should be reversed on the third ground, we shall not discuss the other two.

Subdivision 5 of section 4091 of the Code provides that final judgments may be vacated and a new trial granted for unavoidable casualty or misfortune preventing the party from prosecuting or defending.  If the party has not been negligent, an action in equity may be maintained

for the purpose after the statutory year has expired. *Mc-Conkey v. Lamb*, 71 Iowa, 636; *District Tp. v. White*, 42 Iowa, 608; *Lumpkin v. Snook*, 63 Iowa, 515. Either on the 3d day of October, the day that the original notice was served on plaintiff, or on the 14th day of October, the day that the term was to open, the plaintiff herein went to the county seat and to the courthouse to look after his defense and to confer with the other parties defendant. None of the other parties were at the courthouse, nor does it appear that court was then in session. The plaintiff then went to the office of Mr. E. J. Sullivan, who was Wilson's attorney in the suit in question, and talked with him about the notice and suit. So much appears without question. The plaintiff testified that in this conversation with Mr. Sullivan the latter told him that nothing would be done that week, and that he would notify the plaintiff herein before any action was taken against him in court, and the plaintiff says that he relied upon such promise, returned to his home, and did not know of the judgment against him until more than a year thereafter. Mr. Sullivan admits having a conversation with the plaintiff about the matter at the time and place alleged, but denies that he did more than to agree to notify the plaintiff if his codefendants came to his office to settle the matter without further trouble.

*1. Judgments: suit to vacate: unavoidable casualty or misfortune: evidence.*

We can readily see how there may have been a misunderstanding between the plaintiff and Mr. Sullivan, and we think the whole record fairly shows that there was one. All of the parties to the written agreement were directly interested in the result of the litigation over the statement of consent, and, so far as the record shows, the interest of all of the others was as great as that of Wilson. The plaintiff herein had paid his assessments, as they were made, and there is no showing that he had ever attempted to escape from his share of the burden of the

litigation. It is to be presumed, we think, that he was interested equally with Wilson in having the expense paid by those who had agreed to pay it, and that he was not trying to avoid the payment of his own share, as the contract provided. He had property from which payment could be enforced, and it is not likely that he would knowingly take the chance of being mulcted for costs in addition to his share. Under the circumstances, it was quite natural for him to visit and talk with the attorney, who, in a sense at least, represented him as well as Wilson. We think the situation here is well within the facts and rule in *Farmers' Exchange Bank v. Trester,* 145 Iowa, 665.; *White v. Gray,* 92 Iowa, 525; *Peterson v. Koch,* 110 Iowa, 19.

2. SAME.

It is evident that Wilson and the plaintiff are on the same footing as to their liability under the contract, and a judgment in favor of Wilson that compels the plaintiff to pay more than his share of the expense is inequitable and unjust, and, as we understand the record, that is the effect of the judgment against the plaintiff. For the reasons stated, we think the trial court erred in not vacating the judgment. The judgment is therefore *reversed.*