C. F. Bradshaw, Appellee, v. Des Moines Insurance Company, Appellant.

Judgments: OPENING DEFAULT: AFFIDAVITS: DISCRETION. Counter affidavits as to the merits of the defense should not be considered in determining a motion to set aside a default, but when filed without objection and taken into account by the trial court, the appellate court is perhaps justified in giving them consideration also; and unless the trial court has abused its discretion the ruling on the motion will not be disturbed on appeal, even though the motion is denied.

**Insurance:** SERVICE OF NOTICE UPON AGENT. Service of original notice upon a soliciting agent who solicited the policy in suit is good, whether the action grew out of any business in connection with his agency or not; and service upon an agent is good though he was not at the time in the employ of the company, but this action was upon a policy growing out of defendant's agency.

**Judgments:** OPENING DEFAULT: EXCUSABLE NEGLIGENCE. Where the agent of an insurance company, knowing that an adjuster had been attempting to make settlement, failed to notify the company of service of notice of suit upon him, or to forward the notice, simply because an attorney for the company had asked him the name of the adjuster who had examined the loss, was not excusable neglect warranting the setting aside of a default.

**Judgments:** PRESUMPTION IN FAVOR OF REGULARITY. In the absence of a contrary showing it will be presumed on appeal that the original notice in the action was filed and inspected by the court before entering default.

*Appeal from Jefferson District Court.*—HON. D. M. ANDERSON, Judge.

WEDNESDAY, FEBRUARY 14, 1912.

APPLICATION to set aside a default and judgment against the defendant. The trial court denied the application, and defendant appeals.—*Affirmed.*

*William B. Brown* and *James P. Starr,* for appellant.

*Leggett & McKemey,* for appellee.

DEEMER, J.—Plaintiff brought action against the defendant on a policy of insurance January 19, 1911. The original notice was served upon S. Cornell, agent for the Des Moines Insurance Company, in Fairfield township, Jefferson county, Iowa, on January 18, 1911, and the company was cited to appear and defend in the Jefferson county court January 30, 1911. No appearance having been made for the defendant, default was taken on the 1st

day of February of the same year, and judgment rendered
for the amount of the claim on the 2d day of the same
month.   On February 7th defendant appeared by counsel,
and moved to set aside the default and judgment for rea-
sons hereinafter to be stated.   This motion was overruled
on the 20th day of the same month, and this appeal fol-
lowed.

Section 3790 of the Code reads as follows:  "Default
may be set aside on such terms as to the court may seem
just, among which must be that of pleading issuably and
forthwith, but not unless an affidavit of merits is filed, and
a reasonable excuse shown for having made such default,
nor unless application therefor is made at the term in
which default is entered, or if entered in vacation, then
on the first day of the succeeding term."

The affidavit of merits accompanying the motion
makes the following showing:

That the defendant has a full, complete, and meri-
torious defense to the cause of action set forth in the plain-
tiff's petition, in this:   That the alleged loss by fire re-
ferred to therein occurred on October 20, 1910, and that,
according to the express terms of the policy in suit, and
according to the laws of Iowa, it was necessary for the
plaintiff, in order to maintain an action upon said policy,
to file proofs of said loss within sixty days after the loss
occurred, and that plaintiff did not file any proofs of loss
whatsoever with the defendant company within sixty days
after said loss occurred.   That the defendant has a further
meritorious defense to said action, in this:   That, accord-
ing to the plaintiff's application in writing for insurance,
the building referred to therein was represented to be a
frame, detached dwelling, and that in truth and fact the
same was not a detached dwelling, but that said building
was part of a frame row of buildings, and was used for a
restaurant or mercantile purposes, except the rear of which
the plaintiff occupied with living rooms.   And that at the
time said policy of insurance was issued the defendant had
neither knowledge nor information that said building was
not a frame, detached dwelling, or that the same was used

for a restaurant or mercantile business, with the plaintiff's living rooms in the rear.

The soliciting agent who received the application also filed an affidavit, in which he stated:

That I saw the premises described in said application and said policy when said application was made and policy issued, namely, on or about December 1, 1905, and that on said date, namely, on or about December 1, 1905, said insured premises were occupied as a dwelling house only, and for no other purpose; and that there was no restaurant or other mercantile business carried on in the front of said dwelling house premises, or in any other part thereof at said time. . . . I further depose and say that when said application for said insurance was made out, on or about December 1, 1905, that the frame dwelling referred to therein was a detached building, and being vacant ground on every side of said building; that I did not see said premises after said policy was issued until after its loss by fire; and that I was never informed, and I did not know, that it had at any time been used, in part or whole, for restaurant or other business purposes.

Plaintiff filed a counter affidavit to meet the claimed defense, in which he stated, among other things, the following:

That before taking said application for the insurance said S. Cornell, as agent for said insurance company, inspected the buildings and made the measurements of two other buildings, and thereupon made the application on which the insurance was written and brought it to me for signature, and I signed the same, believing that he had correctly stated the facts in it, and without any concealment from said agent of any fact of the description or surroundings of said buildings and goods. That after the destruction of my house and personal property insured under said policy, I telephoned at once to said S. Cornell, whose office or agency was at Fairfield, in said county, and asked him to notify the company. That thereafter the adjuster of the defendant company, as I understood and was informed by him, acted pursuant to the notice, through S. Cornell,

the agent, of the loss of said building. That I truly informed said adjusting agent of said defendant of all the facts about the fire and how it started, so far as I knew, and the property, and answered all his questions in regard to the same. That said adjusting agent said he would see Mr. S. Cornell, who wrote the application for the policy, and would have to report to the company before he could do anything, and said he would see Mr. Cornell and the company. That, relying upon his statement, and believing that he would see Mr. Cornell and the company, and then report to me, I did not make any other or further proofs of loss.

It is doubtless true that counter affidavits can not be considered in such cases; for to do so would result in a trial upon affidavits, which the statute does not contemplate. But as no motion was made to strike this counter affidavit, and the same seems to have been taken into account by the trial court, we are justified, perhaps, in considering it. It is the universal rule that the action of the court on such a motion will not be disturbed, in the absence of a reasonably clear case of abuse of discretion. *Martin v. Reese,* 105 Iowa, 694; *Carver v. Seevers,* 126 Iowa, 669; *Cowell v. City,* 130 Iowa, 671. Of course, we are more reluctant to interfere where the motion is sustained than where it is denied; for when sustained the parties still have the right of trial on the merits. But, even when denied, there must be a showing of abuse of discretion.

1. JUDGMENTS: opening default: affidavits: discretion.

The showing in excuse of the default is as follows: Cornell, the agent, upon whom service was made, said in his affidavit that he was a soliciting agent for the company, and secured plaintiff's application for the insurance upon which the policy was issued. He further stated: "That on or about January 18, 1911, an original notice was served upon me by the sheriff of Jefferson county, Iowa, in the said case of *Bradshaw v. Des Moines Insurance Company,* and that I have said notice in my possession

at my home, and that I did not send said original notice to the said Des Moines Insurance Company, or write said company, or notify said company orally, or in writing, or in any way, that said notice had been served upon me, for the reason that Attorney Leggett having, previously to the date of serving said notice, telephoned to me for the name of the adjuster of said company, I inferred and supposed that the said Des Moines Insurance Company knew about said case pending."

In a joint affidavit, signed by H. R. Howell and C. S. Hunter, we find the following statements:

We, H. R. Howell and C. S. Hunter, on our oath depose and say that we are, respectively, the president and secretary of the Hawkeye & Des Moines Fire Insurance Company, a corporation, duly organized under the laws of the state of Iowa, with its principal place of business at Des Moines, Iowa. That the Des Moines Insurance Company, the defendant in the within-entitled action, after the issuance of the policy of insurance referred to in the petition in said action, changed its name by an amendment to its articles of incorporation to the Des Moines Fire Insurance Company. That said Des Moines Fire Insurance Company and the Hawkeye Insurance Company, a corporation organized under the laws of Iowa, with its principal place of business at Des Moines, Iowa, on or about the 21st day of November, 1910, and prior to the commencement of this action became duly and legally merged into a corporation organized under the laws of Iowa, with its principal place of business at Des Moines, Iowa, under the name of Hawkeye & Des Moines Fire Insurance Company. That no original notice in this action was at any time served upon the said Des Moines Fire Insurance Company, or upon the said Hawkeye & Des Moines Fire Insurance Company, and that neither of said companies, either through any officer, agent, recording agent, or agent authorized to issue policies, had any knowledge or information whatsoever of the commencement of the within-entitled action, or that a petition had been filed, or that said suit was pending, until on the 4th day of February, 1911, the said Hawkeye & Des Moines Fire Insurance Company re-

ceived information by letter that a judgment for $700 in favor of the plaintiff was rendered by default against the Des Moines Insurance Company on the 1st day of February, 1911, and that a pretended service of notice had been made upon V. S. Cornell, as agent of said company, in Jefferson county, Iowa, on January 18, 1911. That while the said V. S. Cornell has been heretofore an agent at Fairfield, Iowa, authorized only to solicit and forward to the defendant applications for policies of fire insurance, the said V. S. Cornell was not, on January 18, 1911, or at any time before or since said date, a general agent, or recording agent, or agent having authority to issue policies, and that said V. S. Cornell was not, on January 18, 1911, or at any time before or since, an agent in any capacity whatsoever for the said Hawkeye & Des Moines Fire Insurance Company.

Such is the entire record in the case, and our only question is, Did the trial court abuse its discretion in denying the motion to set aside the default and judgment?

The primary question presented is the sufficiency of the service upon Cornell, who, it seems, was never anything more than a soliciting agent for the defendant. The material sections of the Code with reference to service of notice upon insurance companies and corporations in general are as follows:

2. INSURANCE: service of notice upon agent.

If the action is against an insurance company, for loss or damage upon any contract of insurance or indemnity, service may be had upon any general agent of the company wherever found, or upon any recording agent or agent who has authority to issue policies. (Code, section 3530.)

When the action is against a municipal corporation, service may be made on the mayor or clerk; if against a school township or independent district, on the president or secretary; if against any other corporation, on any trustee or officer thereof, or on any agent employed in the general management of its business, or on any one of the last known or acting officers of such corporation; and if no person can be found on whom service can be made as provided in this and the two preceding sections, it may be

made by publication as provided in other cases. (Code, section 3531.)

When a corporation, company or individual has, for the transaction of any business, an office or agency in any county other than that in which the principal resides, service may be made on any agent or clerk employed in such office or agency, in all actions growing out of or connected with the business of that office or agency. (Code, section 3532.)

Section 3499, also, has some bearing upon this proposition, and it reads as follows:

Insurance companies may be sued in any county in which their principal place of business is kept, or in which the contract of insurance was made, or in which the loss insured against occurred, or, in case of insurance against death or disability, in the county of the domicile of the insured at the time the loss occurred, or in the county of plaintiff's residence.

Sections 1749 and 1750 also provide:

Every agent of any insurance company shall, in all advertisements of such agency, publish the location of the company, giving the name of the city, town or village in which it is located, and the state or government under the laws of which it is organized. Any person who shall hereafter solicit insurance or procure application therefor shall be held to be the soliciting agent of the insurance company or association issuing a policy on such application or on a renewal thereof, anything in the application, policy or contract to the contrary notwithstanding.

The term agent used in the foregoing sections of this chapter shall include any other person who shall in any manner directly or indirectly transact the insurance business for any insurance company complying with the laws of this state. Any officer, agent or representative of an insurance company doing business in this state who may solicit business, procure applications, issue policies, adjust losses or transact the business generally of such companies shall be held to be the agent of such insurance company with authority to transact all business within the scope of

his employment, anything in the application, policy, contract, by-laws or articles of incorporation of such company to the contrary notwithstanding.

Section 3530, before quoted, first appeared in the Code of 1897, and was undoubtedly intended to be cumulative, rather than exclusive, in character. It had theretofore been held, under section 3532, that service of notice might be made upon a soliciting agent of an insurance company of an action growing out of the business of his agency. *Vide, Farmers' Ins. Co. v. Highsmith,* 44 Iowa, 333; *State Ins. Co. v. Waterhouse,* 78 Iowa, 674. And section 3530 was undoubtedly enacted to provide a method of service upon an agent in any case, no matter whether the action grew out of or was connected with any business connected with his agency or not. This construction will harmonize the two sections, and is the one which, under all canons of interpretation, should be adopted. Under the rule of our previous decisions, it is not necessary that the agent be acting as such at the time service of notice is had. *Ockerson v. Burnham,* 63 Iowa, 570. But, were this not true, the affidavits filed for defendant do not show that Cornell's agency for the defendant had ceased. As will be observed, the affidavits with reference to this matter are carefully guarded. The action is not against the Hawkeye & Des Moines Insurance Company, but against the Des Moines Insurance Company; and there is no statement anywhere that Cornell was not, at the time service was made upon him, agent for the latter company. It clearly appears that the action is upon a policy which grew out of Cornell's agency for the defendant. *State Ins. Co. v. Granger,* 62 Iowa, 272.

II.   Next, it is contended that the showing made to set aside the default establishes such an unavoidable casualty or misfortune as entitled defendant to the relief asked. We have set forth the entire record on this proposition, and, to our minds, it amounts to nothing more than a case of

inexcusable neglect. Nothing occurred after the service of
the notice to excuse or in any way justify the
agent in his failure to forward the notice
to his company. The service of the notice
was in itself notice that all prior nego-
tiations with defendant's adjuster were at an end, and the
slightest care and foresight on the part of the agent would
have suggested the forwarding of the notice to his com-
pany. No such mistake or misunderstanding is shown as
in *Barto v. Sioux City Co.,* 119 Iowa, 179, and other like
cases. Here nothing but forgetfulness or neglect is shown
and the case is ruled by *Williams v. Wescott,* 77 Iowa, 332;
*Vinegar Co. v. Boddy,* 108 Iowa, 539; *Church v. Lacey,*
102 Iowa, 235; *Byrnes v. Insurance Co.,* 114 Iowa, 738,
and other like cases. The *Byrnes* case, *supra,* is closely
in point.

3. JUDGMENTS: opening default: excusable negligence.

III. Lastly, defendant contends that the default
should have been set aside, because the original notice was
not filed in the clerk's office, and for the further reason that
the notice was not offered in evidence or in-
spected by the court before ordering the de-
fault. These objections have no basis in the
record. It will be presumed, in the absence of any show-
ing to the contrary, that the notice was duly filed, and that
it was inspected by the court before the default was granted
and the judgment rendered. No such showing is made;
on the contrary, the record shows that the notice was filed
and entry thereof made on the appearance docket, and
the judgment entry recites that the notice was inspected by
the court and held sufficient.

4. JUDGMENTS: presumption in favor of regularity.

No sufficient reason appears for interfering with the
discretion of the trial court, and its order and judgment
must be, and they are, *affirmed.*