Rock Island Plow Company, Appellee, v. F. A. Bixby, Trustee, Appellant.

New trial: meritorious defense. Judgment by default was entered against plaintiff for the attachment and sale of property in a for- eign state, alleged to have been assigned for the benefit of creditors. Plaintiff petitioned for a new trial after the term, and in its answer of merits submitted with the petition alleged that the assignment was invalid because not in conformity with the statute of that state, and because all of the property of the debtor was not included

in the assignment. *Held,* that the answer presented a meritorious defense and was sufficient to sustain the application to set aside the judgment.

**Same:** JUDGMENT ON DEFAULT: TRIAL NOTICE: WAIVER. Where a cause has once been continued and an answer is on file the filing of a trial notice is necessary to bring the case on for trial, except the parties consent thereto. An assignment of the cause upon call of the calender in the absence of the defendant or his counsel will not obviate the necessity of a trial notice, and a judgment on default thus entered may be set aside.

**New trial:** DISCRETION. The court has a large discretion in the matter of granting new trials, and this discretion applies to a petition to set aside a judgment filed after the term as well as to a motion during the term.

**Same:** UNAVOIDABLE CASUALTY. The fact that the attorney in the case upon whom his client alone relied removed from the state and gave the case no further attention, without the knowledge of the client until after a default was entered against him, was such unavoidable casualty as would authorize a new trial after the term; and even though the evidence was conflicting on the subject of the client's knowledge there was no abuse of discretion in granting a new trial.

*Appeal from Council Bluffs Superior Court.*—HON. S. B. SNYDER, Judge.

WEDNESDAY, JUNE 24, 1914.

APPEAL from a ruling granting a petition for new trial. —*Affirmed.*

*J. J. Stewart* and *I. N. Flickinger,* for appellant.

*W. H. Killpack* and *E. O. Kretsinger,* for appellee.

WITHROW, J.—I. In January, 1905, Mort Bros., a co-partnership engaged in the hardware business at Beatrice, Neb., being then insolvent, executed an instrument conveying their property to Frank A. Bixby, of Council Bluffs, Iowa, as trustee for the use and benefit of all their creditors. The

instrument of assignment or conveyance recited that, "We hereby assign, sell, transfer, set over and convey" to the trustee, and covered the entire hardware stock, notes, book accounts, and recited that such conveyance, together with the conveyance of certain real estate was for the purpose of paying off all legal demands against Mort Bros. and Mort Bros. & Co. It was signed by Charles S. Mort, Eugene T. Mort, and Hannah Mort, the latter being the mother of the Mort brothers, she at the time by conveyance from them being the holder of the legal title to the assigned property. The conveyance under which she claims was not based upon any consideration paid by her, but was, as claimed, made to her to pay or secure her husband, an invalid, for loans made by him to his sons to aid them in carrying on their business. The assignment to Bixby was made as a result of a meeting of the creditors of Mort Bros., at which meeting a representative of the Rock Island Plow Company was present, and in which it is claimed he not only participated but acquiesced in the action then taken. Bixby, who was named as trustee, was the representative of another creditor, and resided in Council Bluffs. After the assignment the Rock Island Plow Company ignored it by commencing suit against Mort Bros. upon its claim in the county court of Gage county, Neb., procured an attachment, caused levy to be made upon certain of the property held in the name of the trustee, which was appraised at $103, and upon trial on April 21, 1905, secured judgment for $64.80, and costs, against Mort Bros., and the members of the firm as individuals, under which the attached property was sold for $88. Thereafter on May 25, 1905, Bixby, as trustee, commenced suit against the Rock Island Plow Company in the superior court of Council Bluffs, claiming damages for conversion of the property taken and sold under the attachment against Mort Bros., alleging the ownership of the property to have been in him. E. O. Kretsinger, a resident of Nebraska, had represented the plow company as its attorney in the different proceedings in that state.

Upon the commencement of the action in Iowa he communicated with George H. Stillman, an attorney of Council Bluffs, and arranged with him to file answer and look after the case in the superior court. Answer was filed in the case setting up the claim that the plow company had sold goods to Mort Bros., of the value of $67.79, for which payment had not been made; that Bixby as trustee, had no right or title to the goods taken under the attachment, for that the instrument made which he claimed to hold was a voluntary assignment made for the purpose of cheating and defrauding the plow company; that the laws of Nebraska, where such action was taken, require that voluntary assignments for the benefit of creditors shall be made to the sheriff of the county where the debtors reside; and that Bixby acquired no title as trustee under such instrument. After issues were joined the cause was, for various reasons, carried from term to term of the superior court, which convened monthly. Kretsinger, as appears from his testimony and from copies of letters between himself and Stillman, relied upon the latter to look after the pending case. On June 11, 1906, the case having been assigned for trial in the superior court, judgment was entered in favor of Bixby, trustee, against the Rock Island Plow Company for $185, no one at the time being present as representing the plow company. On January 5, 1907, the defendant plow company filed its petition for a new trial, alleging the employment of Stillman as its attorney, and that he had removed from Iowa prior to the time of the default judgment without notifying it or its Nebraska attorney, and that such removal on his part without informing them was unavoidable casualty and misfortune which they could not anticipate, and which resulted in the judgment; that it relied solely upon Stillman to defend the case, and there was no other person in Council Bluffs upon whom defendant was depending. It further pleaded that no trial notice had been served or filed as required by law for the term at which such judgment was entered. Evidence was taken in support of the petition for a new trial, and in Decem-

ber, 1912, the trial court set aside the judgment, from which action this appeal is taken.

II. The petition for a new trial was filed after the term at which judgment was entered under that provision of Code section 4091, which authorizes a judgment to be set aside for

1. NEW TRIAL: meritorious defense.

unavoidable casualty or misfortune preventing the party from prosecuting or defending, and also because judgment by default had been entered without the case having been noted for trial in the manner required by Code section 3658 relating to trial notices. In proceedings by petition under that section it is required that matters constituting the defense shall be set out, and this was done in the present instance by setting out as a part of the petition the answer filed in the case. This pleading directly presented the question of the validity of the alleged assignment under the laws of Nebraska, and went to the question of the right of the trustee to maintain the present action and his title to the property alleged to have been converted. At the hearing upon the petition for new trial, evidence was introduced as to the assignment, the property covered by it, and by proper showing the statutes of Nebraska were proven, having the requirement that assignments for the benefit of creditors can be made only to the sheriff of the county. Bixby was not the sheriff, and if, as claimed by appellee, the instrument was intended as a general assignment for the benefit of creditors, it and the rights of all parties under it would be governed by the statute of the state of Nebraska. On the part of the appellant it is claimed that the contract or conveyance under which Bixby claims title as trustee was not such as came within the provision of the Nebraska statute, but was an instrument creating a trust, and that through its representative the Rock Island Plow Company acquiesced in the transaction. As to this claim there was dispute and denial. Evidence bearing upon it was presented to the trial court; and, without here determining its weight or what it proved, it is sufficient to say that from it, together with the proof of

and requirements of the Nebraska statute, the trial court might properly have found that a meritorious defense had been pleaded and had support. The evidence also tended to show that all property owned by them and subject to assignment had not been included in the conveyance to the trustee, and this had bearing upon the plea of fraud upon which the plow company also relied in defense of the action taken by it in the Nebraska court. As supporting the claim that the pleaded defenses were of merit, see *Sager v. Summers,* 49 Neb. 459 (68 N. W. 614) ; *Miller v. Waite,* 60 Neb. 431 (83 N. W. 355).

III. The superior court is, by Code, section 263, governed

2. SAME: judgment on default: trial notice: waiver.

by the rules of the district court as to all matters of pleading and practice. Code section 3658 is applicable to proceedings in the district court, and it provides that:

In any case once continued, where an answer is on file, either party desiring to bring such cause on for trial at any term shall, at least ten days before such term, file with the clerk a notice of trial, and no cause shall stand for trial unless a trial notice be so filed, except by consent of parties. . . .

The present case, as shown by the record, had been continued over several terms, answer was on file at a term previous to that at which default judgment was entered, and no trial notice had been filed for that term. The cause therefore did not then stand for trial, and there was no consent that it should be tried. It is urged by the appellant that as the cause was regularly assigned for trial on the call of the calendar for the term, that such assignment met or obviated the requirement as to a trial notice. Had such been done when counsel for the appellee was present, and without objection by him, such would, no doubt, have come within the exception of the statute as to trial by consent of both parties. Such, however, does not appear, and the case clearly came within the rule of the statute, and was not for trial at that term. *National Loan & Inv. Co. v. Bleasdale,* 159 Iowa, 529.

IV. The conclusion so far reached is sufficient to uphold the action of the trial court in granting the petition for a new trial. In such matters a large discretion is vested in it, and

3. NEW TRIAL: discretion.

this rule has been held to apply as well to petitions for a new trial or to set aside a judgment brought after the term as to a motion presented during the term. *Sitzer v. Fenzloff*, 112 Iowa, 491; *Hueston v. Preferred Acc. Ins. Co.*, 161 Iowa, 521.

V. But we may properly consider the further question presented in the record as to the alleged unavoidable casualty and misfortune which prevented the party from being repre-

4. SAME: unavoidable casualty.

sented at the trial. Without in detail reciting the evidence upon this question, it fairly shows that Stillman was retained to take charge of and try the case, and that Kretsinger relied upon him to so do. There was proof to the effect that, without the knowledge of the latter, and a considerable time before the default judgment was entered, Stillman removed to another state, and that Kretsinger did not know of his removal until about the time he learned that judgment by default had been entered, which knowledge was acquired some months after such action was taken. There was proof to the contrary, and to the effect that Stillman had communicated to Kretsinger his intention to leave Iowa, all of which went to the question to be determined by the trial court as to whether the default had resulted from the negligence of the complaining party. Taken as a whole, the proof upon this branch of the case was sufficient to warrant the trial court in finding that there had been no want of proper diligence and care on the part of Kretsinger; that he had the right to rely upon Stillman to look after the case; and that the facts presented a sufficient showing of casualty, and there was no abuse of discretion in so holding. *Bank v. Trester*, 145 Iowa, 665; *Tuefel v. Wilson*, 152 Iowa, 559.

We conclude that the trial court committed no error in

setting aside the judgment and granting a new trial.—
*Affirmed.*

LADD, C. J., and DEEMER and GAYNOR, JJ., concur.