A. KRAUSE, Appellant, v. JOHN G. HOBART, Appellee.

**JUDGMENT:** Opening or Vacating—Unavoidable Casualty and Misfortune—Negligence of Attorney. The failure of a duly employed attorney to defend for his client, owing to excusable oversight or misunderstanding, may constitute such "unavoidable casualty and misfortune" (Sec. 4091, Code, 1897) as to justify the setting aside of a default judgment. The appellate court will be reluctant to override the order of the lower court setting aside the default and judgment. Evidence reviewed, and *held* to excuse the attorney for his oversight and misunderstanding and to sustain the order of the lower court.

*Appeal from Floyd District Court.*—C. H. KELLEY, Judge.

SATURDAY, DECEMBER 18, 1915.

APPEAL from an order of the trial court setting aside plaintiff's judgment against the defendant and setting aside the defendant's default. From such order, the plaintiff has appealed.—*Affirmed.*

*J. H. Lloyd*, for appellant.

*H. J. Fitzgerald*, for appellee.

EVANS, J.—On October 6, 1913, the plaintiff took judgment by default against the defendant, after due personal service of notice. On October 29th following, the defendant filed a petition and a motion supported by affidavits and a showing of meritorious defense, and asked that the judgment of default be set aside. The general contention of the appellant plaintiff is that the showing was insufficient and was not in compliance with the requirements of the statute. The substance of the showing was that the defendant had a good defense to plaintiff's cause of action and that he had employed an attorney to make defense; that, through some oversight or misunderstanding, the attorney

failed to defend.  The showing of merit and diligence upon the part of the defendant himself is quite sufficient to bring him within the provisions of Section 4091, Code, 1897, as a showing of unavoidable casualty and misfortune.  Whether there was a sufficient showing of want of negligence on the part of the attorney is a more doubtful question.  The line of distinction between excusable misunderstanding and mere negligence is not always plain.  *Farmers' Exchange Bank v. Trester*, 145 Iowa 665.

The showing for the attorney is, in substance, that he was present when the defaults were called, and heard no default taken in this case and supposed that none had been taken.  It was at a time when he was very busy, and his attention might have been distracted under circumstances rendering the oversight excusable.  The determination of such question involves a considerable discretion on the part of the trial court.  The trial judge is in a position to apply his judgment in such a case in the light of the surroundings of the parties.  We interfere reluctantly with such an order of the trial court as the one before us.  Only an abuse of discretion will warrant our interference.  And this is especially so where the court has exercised its discretion in favor of a new trial.  *Bank v. Trester, supra*, and cases therein cited.

The order will be—*Affirmed*.

DEEMER, C. J., WEAVER and PRESTON, JJ., concur.