HENRY TATE, Appellant, v. LOUIE B. DELLI, Appellee.

No. 43420.

NOVEMBER 24, 1936.

J. Nelson Thompson, for appellant.

Volney Diltz, for appellee.

636

RICHARDS, J.■■ ■■ This is an action at law for damages and is grounded on alleged negligence on part of defendant. On July 2, 1935, the second day of the July term, an entry was made by the trial court declaring defendant in default for want of appearance or pleading. On July 19, 1935, judgment upon default was rendered against defendant for $1,500 and costs. On August 3, 1935, during the same July term, defendant filed a motion to set aside the default and judgment, accompanied by affidavit of merit, and at the same time filed answer to the petition. At some time prior to these dates the trial court had adopted what is known as Court Rule 18. *Inter alia* this rule provides that a failure of a party filing a motion to properly enter the motion in the "Motion Docket" by its correct title and number and by its correct designation and by noting the names of the attorneys for plaintiffs and defendants, shall cause the motion to stand stricken and shall cause the record of the case to stand as though no attempt had been made to file such motion. When defendant filed his motion on August 3 he made the entries in the motion docket which are called for by this rule excepting that he failed to note on the motion docket the number of the case. On September 6, 1935, without notice to or knowledge of defendant, the court ordered that defendant's motion filed August 3 be stricken for failure to comply with Rule 18, that is, for the failure to note in the motion docket the number of the case. On September 9, 1935, defendant filed motion to set aside and expunge from the record the order of September 6 and to reinstate defendant's motion. To this plaintiff filed resistance. On September 28, 1935, the trial court sustained the motion filed by defendant on September 9 and expunged the order of September 6. That the court erred in so doing is plaintiff-appellant's first assignment of error, and we proceed to consider same.

When on September 28 the trial court expunged its order of September 6 it had before it the fact that on August 3, 1935, defendant filed his motion in the office of the clerk of the trial court. The court also had before it the fact that such filing of the motion had been in conformity with the statutory law defining what constitutes a filing of a pleading, same being found in section 10833, Code 1935, which reads:

"10833. Pleadings—when deemed filed—removal of papers. The clerk shall, immediately upon the filing thereof, make in the

appearance docket a memorandum of the date of the filing of all petitions, demurrers, answers, motions, or papers of any other description in the cause; and no pleading of any description shall be considered as filed in the cause, or taken from the clerk's office, until the said memorandum is made.''

The requirements of this statute had been fully met by defendant. Resultantly, defendant's motion had been duly filed. But Court Rule 18 provides that a failure of a party to make all of certain entries in a ''Motion Docket'' shall cause the record of the case to stand as·though no attempt had been made to file such motion. Both parties concede that to have force or validity a rule of the district court must not be unreasonable nor in contravention of statutory law. The question of reasonableness need not be discussed because we are satisfied the rule involves even more, that is, a contravention of statutory law. For determination of the case it suffices to consider only the penalty fixed by this rule in event of its nonobservance. As already stated the penalty is that the motion stands stricken, and the record of the case stands as though no attempt had been made to file such motion. Likely, the legislature might have amended section 10833 by requiring the making of entries in a motion docket by a party litigant as one of the essential parts of the filing of a pleading. But so to amend a statute did not lie within the powers of the district court. The statute determines what constitutes a filing of a pleading. The penalty of Rule 18, if enforced, would nullify such statute, by the rule's provision that the things prescribed by statute as sufficient to constitute a filing avail nothing, unless as a part of the filing something additional, prescribed by the court, be done. We think the district court did not err in annulling its order based on a court rule that was so apparently in derogation of the statutes.

To the motion to set aside the default and judgment plaintiff filed a resistance. On October 26, 1935, the motion was sustained. This ruling is assigned as error. Appellant urges that defendant has not shown an unavoidable casualty or misfortune preventing him from defending, and that the showing is insufficient as a reasonable excuse for having made default.

The showing in that respect, made by defendant, may be summarized as follows. At the time of service of the original notice in Des Moines on June 19, 1935, defendant was engaged

in a contract job in Centerville which was requiring his attention and effort. On the day of the service defendant handed the original notice to an employee in his office and directed the employee to deliver the original notice on the following day to defendant's attorney, Volney Diltz, of Des Moines, for his care and attention. Due to defendant's absence from Des Moines the following two or three days, and the rush of business thereafter, and believing the matter was being cared for and handled by attorney Diltz, defendant took no further personal steps. At the time of the service of the original notice defendant had been advised that his public liability insurance carrier had compromised and settled the claim being made by plaintiff, and had secured a written release although at this time defendant had not yet seen the release. Defendant heard nothing further regarding the matter after service of the original notice until plaintiff's attorney came to defendant's place of business and informed him that a judgment by default had been secured by plaintiff. It is further shown that in addition to setting out in the affidavit of merit a copy of a written release of all claims of plaintiff against defendant in consideration of the receipt by plaintiff of $20, the release purporting to have been signed by plaintiff prior to the commencement of the action, another defense was claimed by defendant, namely that any personal injuries on account of which plaintiff seeks damages were caused by plaintiff stepping off from a sidewalk immediately in front of defendant's automobile in such manner that plaintiff's being knocked down by the car was wholly unavoidable by defendant and would not have occurred but for plaintiff's alleged negligence in the manner stated. It is also shown that it was defendant's intention at all times to have the case defended by attorneys and that the attorneys would have been so informed if the employee had followed defendant's said instructions and had delivered the original notice as instructed to do. It is shown that the employment of defendant's said employee terminated within a few days after the service of the notice and by reason thereof the original notice was not again mentioned by either defendant or the employee. Appellant urges that this showing by defendant, although in no manner controverted, is a showing of nothing else than inexcusable negligence.

■■■ Much discretion is conferred on a trial court in passing on motions to set aside judgments entered by default.

"It is the universal rule that the action of the court on such a motion will not be disturbed, in the absence of a reasonably clear case of abuse of discretion." Bradshaw v. Des Moines Ins. Co., 154 Iowa 101, 105, 134 N. W. 628, 630.

"Nothing but an abuse of such discretion will warrant our interference. Chambliss v. Hass, 125 Iowa 484, 101 N. W. 153, 68 L. R. A. 126 [3 Ann. Cas. 16] ; Callanan v. Bank, 84 Iowa 8, 50 N. W. 69; Willett v. Millman, 61 Iowa 123, 15 N. W. 866. And this is especially so in cases wherein the trial court has exercised its discretion in favor of a new trial. Westphal, Hinds & Co. v. Clark, 46 Iowa 262; Sitzer v. Fenloff, 112 Iowa 491, 84 N. W. 514; Marsh v. Colony, 36 Iowa 603." Farmers Exchange Bank v. Trester, 145 Iowa 665, 670, 124 N. W. 793, 795.

The authority last cited also points out that a casualty or misunderstanding may be easily fabricated and that whether it is shown to be a casualty or misfortune depends much upon the honesty of it, and that the discretion vested in the trial court is the most practicable protection possible against the abuse of the statute. The opinion states:

"The trial court occupies a better position to judge of the good faith of the alleged misunderstanding than is possible to the appellate court." The opinion also states that: "The fact that a meritorious defense is disclosed is itself a circumstance in favor of good faith."

In Krause v. Hobart, 173 Iowa 330, 331, 155 N. W. 279, 280, there was an appeal from an order of the trial court setting aside a judgment on default. The opinion states:

"The trial judge is in a position to apply his judgment in such a case in the light of the surroundings of the parties. We interfere reluctantly with such an order of the trial court as the one before us. Only an abuse of discretion will warrant our interference. And this is especially so where the court has exercised its discretion in favor of a new trial. Farmers Exchange Bank v. Trester, supra, and cases therein cited."

In view of these authorities we are unable to sustain plaintiff's contention that the record discloses abuse of discretion by the trial court. From the showing made the trial court could hardly avoid finding that defendant fully intended to defend

against plaintiff's claim, and his good faith in that respect is confirmed by the apparently substantial nature of the defenses he intended to offer, not overlooking the instrument purporting to show an accord and satisfaction, the executing of which by plaintiff is nowhere challenged in the record. It satisfactorily appearing that the casualty or misunderstanding was at least an honest one on the part of defendant, and not fabricated, the question remained for the trial court to determine whether under the circumstances as shown the things done by defendant were a reasonable precaution against the default, or whether such negligence, carelessness or supineness characterized the situation that defendant must be refused relief. We think the trial court's finding for defendant on that question has support in our prior holdings. In applying the general rules above outlined, it has been said that each case must be determined to a great extent upon its own circumstances. Rarely do two cases exhibit identical facts. But in Barto v. Sioux City Elec. Co., 119 Iowa 179, 183, 93 N. W. 268, 270, a somewhat analogous situation arose. The general manager and the general counsel of the defendant in that case, in conference agreed that certain attorneys in Sioux City should be employed to defend the pending action. The conversation at this conference was not shown, but as a result of whatever the conference may have been each of the participants gained the understanding that the other would attend to employing the attorneys. This misunderstanding continued with the result that no attorneys were employed and a judgment by default was rendered. Upon this showing defendant moved that the judgment be set aside. The trial court overruled the motion. On appeal it was held that the motion should have been sustained. The opinion, after laying down that defaults occurring through negligence or carelessness, will not, of course, be set aside, sets out these further considerations:

"But it has ever been the purpose of the courts to relieve from accident, mistake, and misfortune not brought about through negligence or inactivity. * * * On the record before us we must hold that the failure of the telephone company to appear was due to an honest misunderstanding between the general manager, Smith, and the general counsel, Cook, as to who should employ the local attorneys at Sioux City."

In neither the Barto case nor in the instant case was there

forgetfulness of making defense, nor what is called supineness in some of our opinions. On the contrary there was definite action to the end that defense should be made. In the Barto case each department head gained an understanding that the other would employ the attorneys. Of course either of them, as a matter of precaution, could have followed up the conference and ascertained whether the employment had been accomplished in accordance with such understanding. This was not done by either of these representatives of the defendant. In the instant case we have pointed out that defendant placed the original notice in the hands of an office employee with the above-mentioned definite instructions. The record does not show the magnitude of defendant's business excepting that he was the president and owner of an ornamental wrought iron works. But we cannot assume that the extent of defendant's business and duties were not such that it was proper and reasonable that he intrust to an employee the matter that was so intrusted. The trial court would be justified in finding from the record that defendant's required absence from Des Moines for two or three days after the service of the notice and the demands on his time by the rush of business during the period we are considering made it a necessity that the matter be intrusted to the employee. There appearing to be no negligence up to that point it appears to us that the trial court in its discretion was warranted in finding that negligence or carelessness did not attach thereafter. It might be claimed that there was negligence thereafter in that reasonable care demanded that defendant take an additional precaution to ascertain whether the employee had performed as directed. This same fact of opportunity for this additional precaution was in the Barto case, supra, although the opinion does not appear to discuss that particular element. In the instant case there is the additional fact that defendant was away from Des Moines for two or three days after the service of notice and there was a termination of the service of the employee resulting in no further contact thereafter between defendant and the employee, these facts indicating a lessened opportunity for defendant to follow up the matter than the opportunity so to do that existed in the Barto case. In Farmers Exchange Bank v. Trester, 145 Iowa 665, 124 N. W. 793, defendant sought to set aside a judgment by default upon a showing substantially as follows. Defendant had employed an attorney to defend and

642

believed he was attending to the case. However, the attorney had advised defendant of the necessity of certain evidence essential to a successful defense. The attorney understood that defendant would investigate the evidence and report to the attorney. The latter not hearing further from defendant assumed the defense had been abandoned and gave the case no further attention. Defendant understood the attorney would make the investigation and notify defendant when needed. Shortly thereafter defendant's illness confined him to his home for several weeks unknown to the attorney. Sometime later the judgment by default was rendered in the presence of this attorney and without protest from him. The lower court set aside the judgment and on appeal there was an affirmance. We have above quoted portions of the opinion in that case.

It appears to us that the general rules that have been mentioned, as applied in the Barto case and the Trester case, warranted the setting aside of the judgment in the instant case. The authorities relied on by appellant reveal facts of considerably different character. Such cases include Byrnes v. Ins. Co., 114 Iowa 738, 87 N. W. 699; Hedrick v. Smith, 137 Iowa 625, 115 N. W. 226; Sioux City Vinegar Mfg. Co. v. Boddy, 108 Iowa 538, 79 N. W. 350; Bradshaw v. Ins. Co., 154 Iowa 101, 134 N. W. 628.

Our conclusion is that the district court in setting aside the default did not abuse the discretion which we have so frequently said may be more wisely exercised by the trial court, knowing all the circumstances, than by this appellate court. We are unable to consider other rulings of which there is some discussion in appellant's argument, for the reason the abstract contains no reference thereto.

The case is affirmed.—Affirmed.

PARSONS, C. J., and HAMILTON, ANDERSON, DONEGAN, STIGER, ALBERT, and KINTZINGER, JJ., concur.